# Richmond

## JENNIE SOLOMON v. ATLANTIC COAST LINE RAILROAD COMPANY.

March 1, 1948.

Record No. 3263.

Present, All the Justices.

The opinion states the case.

*James G. Martin & Sons* and *A. A. Bangel*, for the plaintiff in error.

*J. M. Townsend* and *Tom E. Gilman*, for the defendant in error.

HUDGINS, C. J., delivered the opinion of the court.

Jennie Solomon filed a notice of motion in the Circuit Court of the city of Portsmouth, Virginia, against the Atlantic Coast Line Railroad Company, alleging that on the

31st day of August, 1946, she was a passenger on one of defendant's trains travelling from a point in North Carolina to the city of Portsmouth, Virginia; and that *en route* she had, by reason of the negligence of the defendant, suffered serious bodily injuries for which she claimed damages in the sum of $10,000. To this notice defendant filed the following plea in abatement:

"The said defendant comes and says that this Court ought not to have or take any further cognizance of the action aforesaid of the said plaintiff, because the said defendant says that the supposed cause of action did not or any part thereof arise in the City of Portsmouth, but that supposed cause of action and every part thereof did arise in the State of North Carolina, and that at the time of the serving of the notice of motion in this cause the defendant did not have its principal office in the City of Portsmouth, but had its principal office then and ever since in the City of Richmond, Virginia.

"Wherefore it prays judgment whether this court can or will take any further cognizance of the action aforesaid."

The trial court sustained the plea and dismissed the action. Plaintiff, in her petition for the writ of error, challenged the correctness of the ruling of the trial court on the plea.

The action to recover damages for personal injuries resulting from the negligence of another is a transitory action. Such an action against a natural person both at common law and under the statute may be brought in any jurisdiction wherein defendant may be found and served with process. The venue of an action against a corporation is fixed by statute. The fact that defendant owes plaintiff that high degree of care that a common carrier owes to its passengers for hire does not affect the venue.

The plea in abatement is bad as it does not negative every ground of venue prescribed by statute. The pertinent provisions of the following sections of the Code of

1919 determine the venue of actions against a corporation in this jurisdiction:

Section 6049. "Any action at law or suit in equity, except where it is otherwise especially provided, may be brought in any county or corporation:

  *   *   *   *   *   *

"Second. If a corporation be a defendant, wherein its principal office is, or wherein its mayor, rector, president, or other chief officer resides."

Section 6050. "An action or suit may be brought in any county or city wherein the cause of action, or any part thereof, arose, although none of the defendants reside therein."

■ The failure of the plea to aver that the defendant's president or other chief officer did not reside in the city of Portsmouth is a fatal omission. See *Deatrick* v. *State Life Ins. Co.*, 107 Va. 602, 59 S. E. 489; *Morgan* v. *Pennsylvania R. Co.*, 148 Va. 272, 138 S. E. 566; *Seaboard Air Line R. Co.* v. *Bowden & Co.*, 144 Va. 154, 131 S. E. 245; Burks Pl. & Prac., 3d Ed., p. 107.

■ Defendant contends that plaintiff's failure to state any specific objections to the plea violated Rule of Court 22 and for this reason the bill of exceptions should not be considered. We have held repeatedly that this is a salutary rule and requires that the ground of objection be stated with reasonable certainty in the trial court. There is no necessity to apply the rule where the character of the objection is perfectly patent. *Evans* v. *Commonwealth*, 161 Va. 992, 170 S. E. 756; *Smith* v. *Commonwealth*, 165 Va. 776, 182 S. E. 124.

The bill of exceptions is short and is in the following words and figures:

"And the plaintiff moved the Court to strike out said plea as bad on its face, and not showing any want of jurisdiction or want of venue in this Court, which motion was argued and overruled, and said plea held valid and the case dismissed by the court on January 27, 1947, to which ruling and action of the court, the plaintiff duly excepted.

No evidence was taken in the case. That she was injured on this train when in North Carolina, *en route* to Portsmouth, Virginia.

"And the plaintiff presented this bill of exceptions in due time, which is signed and made part of the record this 13th day of March, 1947, after it duly appeared in writing that defendant had been given proper notice of the time and place of presenting the same."

█ It is apparent from a reading of the plea that it is "bad on its face" as it failed to allege one essential element of a good plea in abatement. No additional statement or extensive argument is necessary to establish the obvious.

*Reversed and remanded.*

GREGORY, SPRATLEY and STAPLES, JJ., dissenting.

STAPLES, J., dissenting.

Rule 22 of this court contains the following provision:

"In civil and criminal cases, all objections to writs of every kind, pleadings, instructions, notices, the admissibility of evidence, or other matters requiring a ruling or judgment of the trial court, shall state with reasonable certainty the ground of objection, and, unless it appears from the record to have been so stated, such objections will not be considered by this court except for good cause shown, or to enable this court to attain the ends of justice."

I think the cardinal purpose of this rule is to place upon the plaintiff in error or appellant the duty of stating his objections to actions of the trial court with sufficient particularity to enable this court to ascertain from the record that every specific question of law relied on here was presented to the trial court for its determination. In this case the motion to strike the plea in abatement is in substance the equivalent of a demurrer to the plea without the statement of any grounds of said demurrer. The

motion was for "the court to strike out said plea as bad on its face, and not showing any want of jurisdiction or want of venue in the circuit court." If Rule 22 was intended to require a statement of the grounds of demurrer to a plea in abatement, as I think it was, it would likewise be applicable to this motion which has the same legal effect. The motion fails to comply with such a requirement. No specific defect in the plea is pointed out or called to the attention of the court, nor does it give any information that the particular point sought to be raised is the failure of the plea to negative venue because the defendant's chief officer does not reside in Portsmouth.

In the case of *Worrell* v. *Kinnear Mfg. Co.*, 103 Va. 719, 49 S. E. 988, one of the grounds of defense stated that the plaintiff was a foreign corporation but had not complied with section 1104 of the Code. We held this was defective because it did not specify in what particular the plaintiff had failed to comply.

In the state of the record now before us, we cannot form any intelligent judgment as to what, if any, specific question was raised before or considered by the circuit court in arriving at its conclusion to overrule plaintiff in error's motion to reject the plea.

The defendant admits here that its plea was defective in the respect found in the majority opinion, but insists that this ground of objection was not, "with reasonable certainty," called to the attention of the circuit court or considered by it; that if this specific objection had been pointed out the defendant would have asked leave to amend its plea to cure the omission.

The primary function of this court is to review matters acted upon by the trial court, not to consider new questions of law raised here for the first time. The purpose of Rule 22 was to thus channelize and restrict the exercise of our jurisdiction by placing upon the plaintiff in error the burden of presenting to us a record from which we can ascertain with reasonable certainty that the questions of law raised by him here were also raised or considered

in the court below. The effect of the majority opinion, however, is to reverse this rule. It places upon the defendant in error the burden of having the record show that questions of law raised here which were not raised or considered below, were in fact not so raised or considered. In my opinion such a holding places the duty upon the defendant in error of anticipating every possible legal question which his opponent might raise here, and of having the trial court certify that said questions were not raised or considered below. In this situation it is most unfortunate for the defendant in error if, as in this case, he overlooks some entirely different legal question which is raised here for the first time.

It seems clear to me that the question of law upon which the judgment below is reversed by this court was not raised or considered by the circuit court. I think this is so because the answer to the question is so clear and obvious that it may be reasonably classified as not debatable. If the specific objection here sustained had been pointed out below, it would undoubtedly have been sustained there. However, the judge of the court below evidently did not perceive that this question was involved. Unless he was familiar with section 6049 of the Code relating to venue in an action of this kind, he obviously would not comprehend that this point was raised by the motion to strike the plea. I do not think it is incumbent on the trial court to search the statutes for hidden questions of law raised by a general motion. It is the duty of counsel making the motion to point them out. This the record shows was not done in this case. On the contrary a letter from one of plaintiff in error's counsel of record in this court stated that this specific objection not only was not discussed or considered, but said counsel himself was unaware at the time of the argument that the plea was defective in this respect. The letter stated that the point was discovered by different counsel associated in the case after the judgment here appealed from had been entered. Nor is it claimed that any action for a re-

hearing was addressed to the trial court after discovery of the point. The majority of the court evidently have concluded that this admission of counsel should not be considered, although its authenticity or correctness is not questioned here by either of plaintiff in error's counsel. At any rate the admission would serve to negative the opinion of the majority that "the character of the objection is perfectly patent." It can hardly be viewed as "perfectly patent" if none of the counsel on either side or the trial court comprehended it, or if it necessitates an examination and analysis of the statute to discover it.

We have frequently accepted as true uncontradicted pertinent statements of fact made by counsel in argument at the bar of the court, although the correctness of same does not appear of record. Thus in the recent case of *Buttery* v. *Robbins*, 177 Va. 368, 381, 14 S. E. (2d) 544, the validity of a service of process depended upon whether it was served in the Shenandoah National Park. The record did not show where it was served, but we accepted as true an uncontradicted statement on the subject made by counsel for one of the parties. The following excerpt from the opinion is pertinent here:

"If the sheriff had no right to serve this particular process in the park, his return means no more than would a like return made by a sheriff of Highland county. It seems to be conceded that service was had within that portion of Madison county which was a part of it before there was any Shenandoah National Park. That fact was not questioned in argument and is not questioned in briefs. And so we are called upon to deal not with an issue of fact but with one of law. It would be lost motion to remand this case that a fact might be established which is already a foregone conclusion."

In the same category is the uncontradicted statement of counsel for the defendant in error made in argument that its principal officer does not reside in the city of Portsmouth, but in Wilmington, N. C.

The orders of the court in this case do not show that

any written motion to strike the plea in abatement was ever filed by the plaintiff or any written grounds of any such motion. On December 23, 1946, an order was entered showing the filing of the plea in abatement. The next order was entered about a month later, on January 27, 1947, which was as follows: "At this day came the parties by their Attorneys, and thereupon, the Court having fully heard the plea in abatement heretofore filed herein, doth sustain the same, to which action of the Court, the plaintiff, by counsel, excepted, and this case is dismissed." No reference is made to any motion, but the bill of exception shows a stipulation of fact that plaintiff was injured on defendant's train "when in North Carolina en route to Portsmouth, Virginia." The purpose of establishing this fact was obviously to enable the plaintiff to invoke both in the trial court and here the principle laid down in *Norfolk, etc., R. Co.* v. *Crull*, 112 Va. 151, 70 S. E. 521. This case held that the city of Norfolk was a proper venue to recover for damages to a shipment of cattle from St. Louis to Norfolk, which were injured en route through the negligence of the carrier, although no injury was inflicted on them after arriving in Norfolk. In the case at bar the notice of motion does not allege where the injury to plaintiff occurred, but the plaintiff relies here on the proposition that the failure of the defendant carrier to deliver her safely at Portsmouth gave rise to a cause of action in that city. One of the two counsel of record for the plaintiff in this court admitted in a letter to the judge of the trial court that this was the only question argued or considered in the court below. However, the only facts are those stipulated as above quoted. They are not sufficient to bring the instant case within its principles. There is nothing in the record to clearly show that the plaintiff continued her journey on the railroad or that she did not terminate her contract of carriage by leaving the train voluntarily and returning to Portsmouth by airplane, or other motor vehicle, or by a different railroad. Under this state of the record the plaintiff has

failed to allege in her notice of motion or to prove that any *event* occurred in Portsmouth which conferred venue upon the courts of that city.

I think the judgment of the circuit court should be affirmed. I am authorized to state that Mr. Justice Gregory and Mr. Justice Spratley concur in this dissent.