# Richmond

## John Doe v. Robert Faulkner.

April 23, 1962.

Record No. 5388.

Present, Eggleston, C. J., and Buchanan, Whittle, Snead, I'Anson and Carrico, JJ.

*Spencer G. Gill, Jr. (Rixey & Rixey,* on brief), for the plaintiff in error.

*Stanley E. Sacks (Sacks, Sacks & Kendall,* on brief), for the defendant in error.

I'Anson, J., delivered the opinion of the court.

This action was instituted under the Uninsured Motorist Law[1] by the plaintiff, Robert Faulkner, against the defendant, John Doe, to recover damages for personal injuries sustained in an automobile acci-

---

[1] Code, 1960 Cum. Supp., § 38.1-381, as amended. (Acts 1958, ch. 282, p. 336; Acts 1959, Ex. Sess., ch. 42, p. 117; *Id.,* ch. 70, p. 163; Acts 1960, ch. 462, p. 721.)

dent. A trial by jury resulted in a verdict of $2000 for Faulkner, on which the trial court entered judgment, and John Doe is here on a writ of error.

The sole question presented is whether the defendant, John Doe, is a party incapable of testifying as contemplated under § 8-286[2], Code of 1950, so that no judgment can be rendered for Faulkner on his uncorroborated testimony.

The evidence shows that the accident occurred on the morning of October 9, 1960, between the hours of 5 and 6 o'clock, at the intersection of Brambleton avenue and Tidewater drive in the city of Norfolk.

Faulkner testified that he was alone in his automobile heading west on Brambleton avenue, which was wet at the time, at a speed of 25 to 30 miles per hour, with the traffic light at the intersection showing green. While he was proceeding around a traffic circle at the intersection, a southbound vehicle ran the red light, and in an effort to avoid a collision he swerved his car and applied the brakes. When he attempted to right his car it skidded and went up on the sidewalk on the north side of Brambleton avenue and struck the guy wire supporting a utility pole. There was no contact between the Faulkner automobile and the other vehicle, and its operator is unknown. Faulkner was knocked unconscious as a result of the accident and he was later carried to the hospital by a police officer.

Faulkner's testimony of how the accident occurred is uncorroborated.

The only other evidence presented was the testimony of the investigating officer, who testified that Faulkner described the accident to him as having occurred when he was traveling at 35 to 40 miles per hour, and while attempting to negotiate the traffic circle the steering mechanism of his automobile locked, causing it to get out of control and collide with the guy wire.

The jury's verdict settled this conflict in the evidence in favor of Faulkner.

The defendant, John Doe, contends, through the Nationwide

---

[2] "§ 8-286. *Corroboration required and evidence receivable when one party incapable of testifying.*—In an action or suit by or against a *person* who, from any cause, is *incapable* of testifying, or by or against the committee, trustee, executor, administrator, heir, or other representative of the person so *incapable* of testifying, no judgment or decree shall be rendered in favor of an adverse or interested party founded on his uncorroborated testimony; and in any such action or suit, if such adverse party testifies, all entries, memoranda, and declarations by the party so incapable of testifying made while he was capable, relevant to the matter in issue, may be received as evidence. (Code 1919, § 6209.)" (Emphasis added.)

Mutual Insurance Company, not a named party defendant to this action but given the right to file pleadings in the name of John Doe as an insurer of Faulkner under the Uninsured Motorist Law[3], that the trial court erred in entering judgment on the verdict of the jury which was founded solely on the uncorroborated testimony of Faulkner, the interested party.

The defendant concedes that there is nothing in the Uninsured Motorist Law requiring corroboration of Faulkner's testimony, but says that the legislature is presumed to have had knowledge of the existence of the requirement of corroboration under Code § 8-286 and it did not see fit to exempt § 38.1-381, as amended, from its operation. Hence he argues that § 8-286 is applicable in this case.

Section 8-286 first appeared in the Code of 1919 as § 6209. The revisors of the Code of 1919, recognizing that many of the difficulties in practice had arisen out of the exceptions to the rule that interest should not disqualify a witness, submitted in its draft to the General Assembly at its 1918 session recommendations for material changes in the law governing the competency of witnesses which removed all disqualifications, except confidential communications, particularly between husband and wife, by the repeal of certain then existing statutes. But in order to meet the problems that would arise in affording ample protection for estates of persons laboring under disabilities, or who were incapable of testifying, the revisors deemed it necessary to add § 6209, now § 8-286. *Hoge, Adm'r* v. *Anderson*, 200 Va. 364, 369, 370, 106 S. E. 2d 121, 124, 125; *Robertson* v. *Atlantic, Etc., Realty Co.*, 129 Va. 494, 503, 504, 106 S. E. 521, 522-524; 5 Va. Law Reg. (N. S.) 125, 126; 39 Va. L. Rev. 395.

In *Robertson* v. *Atlantic, Etc., Realty Co., supra*, this Court said, in an opinion which has been frequently cited, that: "The purpose of the section [Code § 6209, which is now § 8-286, Code of 1950, 1957 Replacement Volume] was to remove disqualifications, not to create them in any case, nor to impose burdens on witnesses already competent." 129 Va. at p. 504, 106 S. E. at p. 524. *Union Trust Corporation* v. *Fugate*, 172 Va. 82, 90, 200 S. E. 624, 627.

We do not agree with the argument that Faulkner's testimony must be corroborated under the requirement of § 8-286 in order for the judgment to be upheld.

John Doe is a fiction created by law to stand in the place of an unknown party who has caused bodily injury or property damage by the negligent operation of a motor vehicle. As a fictional charac-

---

[3] Code § 38.1-381(e), 1960 Cum. Supp.

ter, he is not a person (Code § 1-13(19)), but he speaks, by virtue of the uninsured motorist statute, through the insurance company, and the company speaks through him. *John Doe* v. *Brown*, 203 Va. 508, 513, 125 S. E. 2d 159, 163, this day decided.

The operator of the "John Doe automobile" is unavailable because his identity is unknown. The word *unavailable* is not synonymous with the word *incapable* used in the statute. A witness or party to a proceeding may be unavailable for various reasons, but he is not *incapable* simply because he is *unavailable*.

Section 8-286 was adopted to provide protection for estates of *persons* laboring under disability, or who are *incapable* of testifying. John Doe is not a person laboring under disability or incapable of testifying. Hence the statute has no application in this case.

For the reasons stated, the judgment is

*Affirmed.*