# Richmond

## Dorothy Hodgson v. John Doe.

December 3, 1962.

Record No. 5502.

Present, All the Justices.

*George M. Warren, Jr.*, for the plaintiff in error.

*Robert B. Davis*, for the defendant in error.

Case submitted on briefs.

BUCHANAN, J., delivered the opinion of the court.

Dorothy Hodgson, plaintiff, filed in the Corporation Court of the City of Bristol her motion for judgment against the defendant, John Doe, "the unknown and unidentified operator of a motor vehicle," for damages for injuries.

The motion alleged that on September 28, 1960, in Sullivan county, Tennessee, the plaintiff was driving her automobile on U. S. 11-E and approaching an intersection; that about the time she was passing through the intersection an unidentified automobile was suddenly driven from the premises of a filling station on a corner of the intersection into Route 11-E directly in the path of plaintiff's automobile; that in an attempt to avoid a collision the plaintiff applied her brakes and in doing so lost control of her car, which skidded off the highway and into a tree with such force that the car was demolished and the plaintiff severely injured.

A certificate was appended to the written motion stating that in compliance with § 38.1-381 of the Code, a true copy was delivered to the clerk of the Corporation Court on March 29, 1961. There was also filed proof of service on Nationwide Mutual Insurance Company by delivering a copy of the motion to its registered agent in Lynchburg.

The defendant filed a plea in abatement challenging the venue of the action and also a demurrer on the ground that the motion for judgment did not allege that the accident was reported as required

by § 38.1-381 (d) of the Code as a condition precedent to maintaining the action. The court overruled the plea in abatement to which the defendant excepted; but the court sustained the demurrer with leave to the plaintiff to amend and plaintiff thereupon amended her motion by adding thereto an allegation that the accident had been duly reported to the Division of Motor Vehicles of Virginia as required by §§ 46.1-400 and 38.1-381 of the Code.

Defendant then filed grounds of defense, and later counsel for the parties stipulated that on March 30, 1961, the plaintiff filed with the Division of Motor Vehicles of Virginia a report of the accident, which was the only report that had been filed with said Division.

Plaintiff afterwards filed an amended motion in the same words as her original motion with the addition of the following allegation:

"Plaintiff has complied with all applicable provisions of the statutes of Virginia and Tennessee and with the provisions of Section 38.1-381 (d) of the 1950 Code of Virginia, as amended, (if said Code Section be applicable to the facts of this case), in reporting the accident in question."

The defendant again demurred and the court sustained the demurrer on the ground that the stipulation showed a delay of about six months in the making of the necessary report, and no facts were alleged to justify such a delay, and hence the record showed that the report was not made within a reasonable time. Plaintiff was again given leave to amend but did not do so and her action was dismissed.

From the order of dismissal we granted the plaintiff a writ of error. While her assignments of error were to the general effect that the stipulation as to the report of the accident was not a pleading and the allegations of her motion for judgment were sufficient, both parties state in their briefs that the questions involved on the plaintiff's appeal are: (1) Whether it was necessary that the plaintiff's motion for judgment allege compliance with §§ 38.1-381 (d) and 46.1-400 of the Code with respect to reporting the accident to the Division of Motor Vehicles; and (2) Whether said sections require such report in the case of an accident which occurred outside of Virginia.

The first question has heretofore been answered in the negative and we do not reach the second in this action against John Doe.

Section 38.1-381 (d) of the Code, 1962 Cumulative Supplement, a section of the uninsured motorist law, provides that if the owner

or operator of a motor vehicle which causes injury or damage to the insured be unknown, the insured or someone for him "in order for the insured to recover under the endorsement," shall report the accident as required by § 46.1-400 (to the Division of Motor Vehicles within five days after the accident) unless the insured is reasonably unable to do so, in which event he shall make the report as soon as reasonably practicable under the circumstances. The word "endorsement" in the quoted phrase refers to the endorsement required by § 38.1-381 (b), by which the plaintiff's insurance carrier undertakes to pay the insured for damages caused by an uninsured motorist. For the purposes of the statute an unknown motorist is an uninsured motorist.

In *John Doe* v. *Brown*, 203 Va. 508, 125 S. E. 2d 159, decided after the order dismissing the present action, we held that the John Doe action is not against the insurance company on its endorsement but an action to establish legal liability on the unknown, uninsured motorist, and to fix damages, if any. Therefore, we said, "Notice of the accident to the Division of Motor Vehicles is not required in this action against John Doe. Hence an allegation in the motion for judgment that notice of the accident had been given to the Division of Motor Vehicles, or that the plaintiff was reasonably unable to do so, was not a prerequisite to maintaining this action against the defendant, John Doe." 203 Va. at 515, 125 S. E. 2d at 164-5.

It follows that it was error to sustain the defendant's demurrer and dismiss the plaintiff's motion for judgment on that ground.

■ The defendant has assigned cross-error to the action of the court in overruling his plea in abatement. The plea was on the grounds that the motion for judgment alleged that the cause of action arose in Sullivan county, Tennessee, and did not allege that the defendant resides in or may be found in the city of Bristol.

Pleas in abatement must be good in form as well as in substance. To constitute a good plea to the jurisdiction of the court every ground of jurisdiction, meaning here the venue of the action, stated in the statutes must be negatived in the plea, and the plea must give the plaintiff a better writ. Burks Pl. & Pr., 4 ed., § 204, p. 336; *Solomon* v. *Atlantic Coast Line R. Co.*, 187 Va. 240, 46 S. E. 2d 369.

The venue of actions is prescribed by §§ 8-38 through 8-42 of the Code, the purpose of which is to provide the litigant, so far as possible, with a convenient and familiar jurisdiction for the trial of his case. *Dowdy* v. *Franklin*, 203 Va. 7, 11, 121 S. E. 2d 817, 820.

The plea in abatement failed to negative every ground of jurisdiction and also to furnish the plaintiff a better writ. It undertook to negative only one ground of jurisdiction, *i.e.*, that the cause of action did not arise in the city of Bristol. Defendant's further assertion in the plea that the motion for judgment did not allege that the defendant was a resident of Bristol was not a valid ground for abatement. It was not required of the plaintiff that she so allege. To the contrary, on his plea in abatement the burden of proof was on the defendant, " 'and the plea should not be sustained where no proof of the matters alleged therein is furnished and plaintiff has not admitted or agreed to the truth of such facts.' " *Big Seam Coal Corp.* v. *Atlantic Coast Line R. Co.*, 196 Va. 590, 593, 85 S. E. 2d 239, 241.

Defendant says in his brief that "it is obvious that the insurer cannot prove that John Doe does not reside at the place where this action was brought," and adds that such is not John Doe's obligation. It is John Doe's obligation if he relies on that ground in his plea in abatement. It was said in *International Brotherhood* v. *Wood*, 162 Va. 517, 529, 175 S. E. 45, 49, that the rule that a plea in abatement must give the plaintiff a better writ does not apply when the action is transitory and the plea shows a state of facts under which no court in the Commonwealth has jurisdiction, because in such case it is impossible to give the plaintiff a better writ. But that exception has no application here.

The endorsement required by § 38.1-381 (b) on a plaintiff's insurance policy has no territorial limitation, but binds the insurance company to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle. The obligation so assumed by the insurance company is not confined to accidents happening in Virginia. To limit the coverage of the endorsement to accidents happening in Virginia would be to create a limitation which the statute does not contain. The endorsement is the contract which the insurance company makes with the insured to protect him against the uninsured motorist. It is protection for which the insured has paid an additional premium and it follows the insured to the place of the accident outside of Virginia, just as the usual indemnity and collision-provisions of an automobile insurance policy follow the car and protect the operator wherever the accident may occur.

The liability under the statutory endorsement exists even though the accident happened in a State which has no uninsured motorist

law like that of Virginia. Such liability, however, would be rendered unenforceable and worthless if the basic action against John Doe may be brought only where the accident happened and the State where it happened has no provision for such an action.

In *John Doe* v. *Brown, supra,* 203 Va. at 513, 125 S. E. 2d at 163, we said:

"The defendant John Doe is a fictitious person created under the provisions of the statute to stand in the place of the unknown motorist. John Doe is not a person, but for the purpose of this proceeding speaks through the insurance company. The insurance company, which is the party ultimately liable under the provisions of its policy for payment of a judgment obtained against John Doe, § 38.1-381 (b), speaks and defends the action through and in the name of John Doe." See also *John Doe* v. *Faulkner,* 203 Va. 522, 125 S. E. 2d 169.

Moreover, § 38.1-381 (e) provides that process to commence the action against John Doe, the unknown defendant, shall be served on the insurance company issuing the (plaintiff's) policy "as though such insurance company were a party defendant," and the insurance company "shall have the right to file pleadings and take other action allowable by law in the name of John Doe."

Since John Doe is a fictitious person and has no place of abode apart from the insurance company, and since notice of the action must be served on the insurance company which defends the action in the name of John Doe, it may reasonably be concluded, for the purpose of venue, that the action may be treated as being against the real defendant, the insurance company, and thus permit the plaintiff to have the protection for which he has paid. We hold, therefore, that the venue for the John Doe action, which is not specifically fixed by the uninsured motorist law, is to be determined under the general venue statutes as if the action against John Doe were against the insurance company itself. *Cf. Gough* v. *Shaner, Adm'r,* 197 Va. 572, 575, 90 S. E. 2d 171, 174.

The failure of the plea in abatement to negative every ground of venue prescribed by the statutes, and to give the plaintiff a better writ, was fatal and the court properly overruled the plea. *Solomon* v. *Atlantic Coast Line R. Co., supra.*

For the error of the court in sustaining defendant's demurrer the judgment appealed from is reversed, plaintiff's motion for judgment is reinstated and the case is remanded for further proceedings.

*Reversed and remanded.*

WHITTLE, J., dissenting:

I cannot agree with the majority opinion.

This action was brought against John Doe. The insurance company is not a party to it. It is an *ex delicto* and not an *ex contractu* action. The purpose of the suit is to determine the liability, if any, exists, of John Doe to plaintiff Hodgson.

The *ex contractu* feature would come if and when the *ex delicto* action had been decided in favor of plaintiff Hodgson. If Mrs. Hodgson recovered a judgment against John Doe in the *ex delicto* action in Tennessee, then under the uninsured motorist law she could sue the insurance company in Virginia under her policy of insurance.

In my view it was never the intention of the legislature for a plaintiff to combine an *ex delicto* suit with an *ex contractu* suit in order to give Virginia courts jurisdiction.

In this tort action against John Doe the laws of the forum (Tennessee), where the accident occurred, would control. *Atlantic Coast Line R. Co.* v. *Withers*, 192 Va. 493, 65 S. E. 2d 654.

We said in *John Doe* v. *Brown*, 203 Va. 508, 514, 515, 516, headnotes 4 and 5, 125 S. E. 2d 159, 164, 165:

"This is not an action arising *ex contractu* to recover against the insurance company on its endorsement. The insurance company is not a named party defendant and judgment cannot be entered against it in this action. This is an action *ex delicto*, since the cause of action arises out of a tort, and the only issues presented are the establishment of legal liability on the unknown uninsured motorist, John Doe, and the fixing of damages, if any. This conclusion is strengthened by the language used in § 38.1-381(g), which reads: '* * * nor may anything be required of the insured [plaintiff] except the establishment of legal liability * * *.' "

As said in Section 1, Volume 47, Virginia Law Review, page 163:

"Venue presents another problem. Since the insurer is not technically a party defendant, venue cannot be based upon the insurer's residence. Moreover, since the real defendant [John Doe] is unknown, venue cannot be based on his unknown residence. Technically, therefore, the suit can only be brought where the cause of action arose. Va. Code Ann. §§ 8-38,-39 * * *."

The fact that in this case the action arose in Tennessee, which State adjoins Virginia, makes no difference. The accident could have

happened in Alaska, and there could have been a number of witnesses ready and willing to testify in behalf of John Doe that he was nowhere around when the accident occurred, but on the contrary the plaintiff, through her own negligence, "skidded off the highway and into a tree with such force that the car was demolished and the plaintiff severely injured." Would it be reasonable to require John Doe, in defending this tort action, to bring these witnesses from Alaska to Virginia to testify to this fact? This, in my view, would create a hardship which, under the law, is not contemplated.

In all deference, I am of the opinion that the plea in abatement should have been sustained and the tort action dismissed.