The **TRAVELERS INDEMNITY COM-PANY OF HARTFORD, CON-NECTICUT, Appellant,**

v.

**Mildred Yancey WELLS, Executrix of the Estate of Willie Wells, Deceased, and Mildred Yancey Wells, Appellees.**

No. 8818.

United States Court of Appeals Fourth Circuit.

Argued Jan. 16, 1963.

Decided April 22, 1963.

Edwin B. Meade, Danville, Va. (Frank O. Meade, and Meade, Tate & Meade, Danville, Va., on brief), for appellant.

Don P. Bagwell, Halifax, Va. (Fred B. Gentry, Roanoke, Va., Tuck, Bagwell, Dillard & Mapp, Halifax, Va., and Gentry, Locke & Rakes, Roanoke, Va., on brief), for appellees.

Before BOREMAN and BRYAN, Circuit Judges, and CRAVEN, District Judge.

ALBERT V. BRYAN, Circuit Judge.

The Uninsured Motorist Law of Virginia[1] requires all automobile liability policies written in the State to contain an endorsement indemnifying, within prescribed limits[2], the insured for injury, including death, tortiously caused by an uninsured motor vehicle. The question now is whether under this Law a guest injured in an accident by an uninsured driver may also recover upon his own uninsured policy if his claim cannot be satisfied in full by his host's uninsured insurance. The District Court concluded there may be such a recovery. On this premise it has declared appellant Travelers Indemnity Company responsible on its policy to the named insured, appellees Mildred Yancey Wells in her own right and as executrix of her husband, Willie Wells. We think the judgment in error.

The circumstances are these. The Wells and five others on July 24, 1960 were riding along a public highway in Delaware as guests in an automobile

---

1. § 38.1-381(b) Code of Virginia, 1950, as amended (Cum.Supp.1962).

2. Ibid; § 46.1-1(8) Code of Virginia, 1950 (1958 Replacement Vol.)

owned and operated by Floyd Lee Smith, the Wells' son-in-law, when it was struck by a car driven by one Stahl, whose negligence was the sole cause of the collision. In the tragedy all of the occupants of the Smith car were injured, his son and Willie Wells dying as a result. Stahl was not insured against liability of this kind.

Smith's vehicle was protected in a policy issued by Fidelity and Casualty Company of New York. Additionally, the Wells held the Travelers' policy just mentioned on their own automobile. As Smith and Wells were residents of Virginia, their policies carried the endorsement required by the Law with the current mandatory coverage of $15,000 for one person, and $30,000 for more than one, injured in a single accident.

It is agreed, too, that: the Stahl car was an uninsured motor vehicle within the meaning of the Law; each of the occupants of the Smith car was an insured under the terms of the Smith— Fidelity and Casualty policy—uninsured motor vehicle endorsement; the Wells were each an insured within the meaning of the similar endorsement on their Travelers policy; and both the Law and the policies apply to injuries sustained by a Virginia insured outside of the State. Hodgson v. Doe, 203 Va. 938, 128 S.E.2d 444 (1962).

The occupants of the Smith car all retained the same counsel to prosecute their claims against Stahl. This attorney wrote Fidelity and Casualty as well as Travelers demanding indemnification of his clients on the basis of the uninsured motor vehicle endorsements. Judgments against Stahl were obtained in a Virginia State court by Smith in his own right and as administrator of his son. These amounted to $30,000, the maximum of the uninsured coverage of Smith's policy. Fidelity and Casualty paid the judgments, first procuring a release signed by all of the persons or their representatives in the Smith car, including the Wells who therein reserved their rights against Travelers.

The present action is brought by Travelers for a judgment declaring it not liable to the Wells because of the following condition contained in the uninsured endorsement of its policy:

"6. Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured under this endorsement, the insurance hereunder shall apply only as *excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this endorsement exceeds the sum of the applicable limits of liability of all such other insurance.*" (Accent added)

The District Court refused the declaration. In the order now on appeal it held that the condition did not excuse Travelers from the obligation to indemnify the Wells by virtue of the policy's uninsured endorsement. The District Judge questioned the validity of the condition as in conflict with the Law. However, he grounded his conclusion upon the development that after the Smith Fidelity and Casualty policy had been exhausted through payment of the judgments, there was no "other similar insurance available" to the Wells as provided in the condition, and thereby Travelers' policy became applicable to their claim for its full coverage—$30,000—as it exceeded any other available insurance by that amount.

■ This conclusion we think untenable. Our conviction is that in this situation no uninsured protection whatsoever was due from Travelers to the Wells. It was explicitly excluded by the Other Insurance condition. The condition made Fidelity and Casualty the primary insurer, inasmuch as the Wells were "occupying an automobile [Smith's] not owned" by them. Travelers insurance then was confined to the amount by which its policy limit exceeded that of Fidelity and Casualty, the

only other similar insurance. There was no "excess" because the two policies were each written for the statutory limits and no more—$15,000 for one injured and $30,000 for two or more. Hence, under the Other Insurance condition Travelers never became answerable to the Wells to any extent. Their sole insurance was the Fidelity and Casualty policy. Its absorption by the claims of others did not generate a right in the Wells to resort to Travelers' policy.

The Law did not propose to provide an injured guest with uninsured protection beyond the statutory amounts through a combination of the host's insurance and that owned by the guest for himself. If the claim of the Wells were correct, then the uninsured endorsements would guarantee to policyholders a solvency on the part of an uninsured far greater than that required for him to qualify as an insured motorist—$15,000 and $30,000 coverage—under the Virginia automobile registration statute.[3] Such a result is nowhere intimated in the Law.

■ The State Corporation Commission of Virginia—the authority charged with administering the insurance statutes—approved the form of the uninsured endorsement, including the Other Insurance condition. Thus it embodies the Commission's understanding of the intendment of the Law: that unless his policy expressly stipulates higher limits, protection of a person or persons injured by an uninsured automobile driver is not to be expanded beyond the limits fixed in the Law—to repeat, $15,000 and $30,000.

■ While this point seems not to have been directly adjudicated by the Supreme Court of Appeals of Virginia, none of its interpretations foreshadows disagreement with the intent the Commission discerned in the Law.[4] Administrative construction is authoritative and here we see it, too, as altogether sound. Commonwealth v. Appalachian Elec. Power Co., 193 Va. 37, 68 S.E.2d 122, 127 (1951); Seaboard Fin. Corp. v. Commonwealth, 185 Va. 280, 38 S.E.2d 770, 773 (1946).

■ Appellees Wells point to paragraph (h) of the Law as foreclosing the proposition that they cannot look beyond the Smith policy for insurance, the paragraph stating:

"The provisions of paragraphs (a) and (b) of this section [requiring an omnibus clause and the uninsured motorist endorsement] shall not apply to any policy of insurance to the extent that it covers the liability of an employer under any workmen's compensation law, but *no provision or application of this section shall be construed to limit the liability of the insurance company, insuring motor vehicles, to* an employee or *other insured under this section who is injured by an uninsured motor vehicle.*" (Accent added)

The emphasized clauses, appellees insist, prohibit the limitation of coverage ef-

3. § 46.1–167.3, Code of Virginia, 1950 (1962 Cum.Supp.); § 46.1–504, Code of Virginia, 1950 (1958 Replacement Vol.)

4. Unfortunately we did not have the opportunity to obtain the guidance of the Supreme Court of Appeals by deferring decision until it passed upon the case, as was done in Drewry v. State Farm Mutual Automobile Ins. Co., decided by that Court March 4, 1963. The Virginia Court has considered the Law in: Drewry v. State Farm Mut. Automobile Ins. Co., supra, 204 Va. 231, 129 S.E. 2d 681 (1963); Hodgson v. Doe, 203 Va. 938, 128 S.E.2d 444 (1962); Nationwide Mut. Ins. Co. v. Harleysville Mut. Cas. Co., 203 Va. 600, 125 S.E. 2d 840 (1962); Doe v. Faulkner, 203 Va. 522, 125 S.E.2d 169 (1962); Mangus v. Doe, 203 Va. 518, 125 S.E.2d 166 (1962); Doe v. Brown, 203 Va. 508, 125 S.E.2d 159 (1962); State Farm Mut. Automobile Ins. Co. v. Duncan, 203 Va. 440, 125 S.E.2d 154 (1962); Horne v. Superior Life Ins. Co., 203 Va. 282, 123 S.E.2d 401 (1962); Createau v. Phoenix Assur. Co., 202 Va. 641, 119 S.E. 2d 336 (1961).

fected by the Other Insurance condition of the uninsured endorsement. Paragraph (h) deals primarily, and seemingly exclusively, with incidents of workmen's compensation laws. At any rate, the provision is too inexplicit to give footing for stretching the uninsured endorsement beyond its terms. Furthermore, the Wells' assertion for it contravenes the underlying concept of the Law. Persuasive, also, is the District Judge's unwillingness to rest decision upon the paragraph.

The judgment of the trial court must be reversed, and the action remanded with direction for entry of an order absolving Travelers of liability to appellees Wells.

Reversed and remanded.