**Robert P. O'BRIEN**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY.**

**Civ. A. No. 38190.**

United States District Court
E. D. Pennsylvania.

March 9, 1966.

DAVIS, District Judge.

The plaintiff has instituted this action for damages against the defendant insurance company pursuant to Virginia's Uninsured Motorist Statute, Va.Stat. Ann. § 38.1–381. Jurisdiction is based solely on diversity of citizenship.

On June 19, 1964, the plaintiff was injured in San Juan, Puerto Rico, in an automobile accident which he alleges was the result of the negligence of one Thomas Colon-Fantauzzi, an uninsured motorist. At the time of the accident, the plaintiff was insured under a Family Automobile Policy that the defendant had issued to him in Virginia. The policy provided that the insurance company would pay the insured an amount up to $15,000 which he "shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile."

The defendant has presently moved for judgment on the pleadings on the ground that the plaintiff has failed to establish the legal liability of the uninsured motorist before suing the insurance company on the policy. This question, one of first impression, involves the interpretation of the Virginia "Uninsured Motorist" Statute § 38.1–381, the pertinent provisions of which are set forth in the margin.[1]

Patrick T. Ryan, Drinker, Biddle & Reath, David P. Bruton, Philadelphia, Pa., for plaintiff.

Harry A. Short, Jr., Liebert, Harvey, Herting & Short, Philadelphia, Pa., for defendant.

1. "38.1–381. Liability insurance on motor vehicles * * *; standard provision. 'omnibus clause.'—(a) No policy or contract of bodily injury liability insurance, or of property damage liability insurance, covering liability arising from the ownership, maintenance or use of any motor vehicle * * *, shall be issued or delivered in this State to the owner of such vehicle * * *, or shall be issued or delivered by any insurer licensed in this State upon any motor vehicle * * * then principally garaged * * * or principally used in this State, unless it contains a provision insuring the named insured and any other person responsible for the use of or using the motor vehicle * * * with the consent, expressed or implied, of the named insured, against liability for death or injury sustained, or loss or damage occasioned within the coverage of the policy or contract as a result of negligence in the operation or use of such vehicle * * * by the named insured or by any such person.

(b) Nor shall any such policy or contract * * * be so issued or delivered unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of § 46.1–1(8), as amended from time to time, of the Code herein. Such endorsement or provisions shall also provide for no less than five thousand dollars coverage for injury to or destruction of the property of the insured in any one accident but may provide an exclusion of the first two hundred dollars of such loss or damage.

\* \* \* \* \*

(d) If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured be unknown, the insured or someone on his behalf, in order for the insured to recover under the endorsement, shall report the accident as required by § 46.1–400, unless such insured is reasonably un-

The Statute provides that all insurance policies issued in Virginia must have an endorsement protecting the insured from the negligence of an uninsured motorist. The act also contains provisions for notice to the plaintiff's insurance company of an action brought against the tortfeasor, and the insurance company is given "the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured motor vehicle or in its own name * * * ."

The legislative enactment also provides for an action against an unknown motorist who has caused the accident. Section 38.1–381(e) of the statute reads as follows:

(e) If the owner or operator of any vehicle causing injury or damages be unknown, an action may be instituted against the unknown defendant as "John Doe" and service of process may be made by delivery of a copy of the motion for judgment or other pleadings to the clerk of the court in which the action is brought and service upon the insurance company issuing the policy shall be made as prescribed by law as though such insurance company were a party defendant. The insurance company

---

able to do so, in which event the insured shall make such report as soon as reasonably practicable under the circumstances.

(e) If the owner or operator of any vehicle causing injury or damages be unknown, an action may be instituted against the unknown defendant as 'John Doe' and service of process may be made by delivery of a copy of the motion for judgment or other pleadings to the clerk of the court in which the action is brought and service upon the insurance company issuing the policy shall be made as prescribed by law as though such insurance company were a party defendant. The insurance company shall have the right to file pleadings and take other action allowable by law in the name of John Doe.

(e) (1) Any insured intending to rely on the coverage required by paragraph (b) of this section shall, if any action is instituted against the owner or operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant; such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured motor vehicle or in its own name; provided, however, that nothing in this paragraph shall prevent such owner or operator from employing counsel of his own choice and taking any action in his own interest in connection with such proceeding.

    *    *    *    *    *

(f) Any insurer paying a claim under the endorsement or provisions required by paragraph (b) of this section shall be subrogated to the rights of the insured to whom such claim was paid against the person causing such injury, death or damage to the extent that payment was made; provided that the bringing of an action against the unknown owner or operator as John Doe or the conclusion of such an action shall not constitute a bar to the insured, if the identity of the owner or operator who caused the injury or damages complained of becomes known, from bringing an action against the owner or operator theretofore proceeded against as John Doe provided that any recovery against such owner or operator shall be paid to the insurance company to the extent that such insurance company paid the named insured in the action brought against such owner or operator as John Doe, except that such insurance company shall pay its proportionate part of any reasonable costs and expense incurred in connection therewith including reasonable attorney's fees. Nothing in an endorsement or provisions made under this paragraph nor any other provision of law shall operate to prevent the joining in an action against John Doe of the owner or operator of the motor vehicle causing such injury as a party defendant and such joinder is hereby specifically authorized.

(g) No such endorsement or provisions shall contain any provision requiring arbitration of any claim arising under such endorsement or provisions, nor may anything be required of the insured except the establishment of legal liability, nor shall the insurer be restricted or prevented in any manner from employing legal counsel or instituting legal proceedings."

shall have the right to file pleadings and take other action allowable by law in the name of John Doe.

■ The plaintiff contends that under this statute he may sue the insurance company directly without first establishing the liability of the uninsured motorist in a separate suit. The plaintiff has been unable to cite any cases where a plaintiff has done so, and indeed the court's research has uncovered none. However, the plaintiff argues that the purpose of the statute, which is to protect the insured and not the tortfeasor, would be frustrated and would impose on him a great burden if he were compelled to travel to Puerto Rico to institute an action against the motorist when the maximum recovery is $15,000. See Drewry v. State Farm Mutual Automobile Insurance Co., 204 Va. 231, 129 S.E.2d 681 (1963); Horne v. Superior Life Insurance Co., 203 Va. 282, 123 S.E.2d 401 (1962).

He also cites a number of Virginia cases that have liberally construed the statute in favor of the insured. State Farm Mutual Automobile Insurance Co. v. Brower, 204 Va. 887, 134 S.E.2d 277 (1964); Hodgson v. Doe, 203 Va. 938, 128 S.E.2d 444 (1962); Mangus v. Doe, 203 Va. 518, 125 S.E.2d 166 (1962); Matthews v. Allstate Insurance Co., 194 F.Supp. 459 (E.D.Va.1961). He contends that we should follow this attitude and permit him to sue in this district to avoid the burden that would otherwise ensue.

While these cases do indicate a liberal viewpoint toward the insured, we must allude to Creteau v. Phoenix Assurance Co., 202 Va. 641, 119 S.E.2d 336 (1961) where the Virginia Supreme Court of Appeals was not so favorable. There the court took a very strict and formalistic view of the kind of notice that the plaintiff must give to the insurance company in an action against an uninsured motorist.

In any event, this court cannot rely solely on vague notions of liberality of the Virginia courts toward the insured even if we were entirely convinced that this attitude existed. Instead we must turn to the legislation itself.

The statute nowhere in specific terms requires the plaintiff to bring his action against the uninsured motorist or prohibits him from bringing it against his insurance company. The Virginia Code Ann. § 38.1–381(b) states only:

"Nor shall any such policy or contract * * * be so issued or delivered unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of any uninsured motor vehicle * * *."

Section 38.1–381(e) (1) reads:

"Any insured intending to rely on the coverage required by paragraph (b) of this section shall, if any action is instituted against the owner or operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant * *."

Nevertheless the provisions dealing with the right to sue when the tortfeasor is unknown gives a strong clue as to any right of the plaintiff to sue the insurance company directly. The Virginia Legislature has provided a procedure for the insured to institute his action against John Doe although he must serve notice on the insurance company which shall have the right to take over the defense in the name of John Doe. The plaintiff argues that this John Doe procedure is optional and that he may, if he chooses, bring this action against the insurer, since § 38.1–381(e) of the Statute reads, "If the owner or operator of any vehicle causing injury or damages be unknown, an action *may* be instituted against the unknown defendant as 'John Doe' * * * (emphasis added). However, the entire provision would be mere surplusage under this construction. If the plaintiff already had the right to sue the insurance company directly, this court can think of

no reason why the General Assembly of Virginia would have enacted the alternative procedure allowing the plaintiff to proceed against a fictional person. It would be especially absurd here where it is an avenue that is more cumbersome than making the insurance company the actual defendant. Moreover, most if not all plaintiffs, if they had a choice, would want the insurance company as the party of record with all the resultant benefits that would accompany the fact of insurance plainly presented to the jury.

There can be no other reason for the John Doe procedure than to preserve Virginia's policy against informing the jury of the existence of insurance in a case of this kind. See Simmons v. Boyd, 199 Va. 806, 102 S.E.2d 292 (1958); Rhinehart & Dennis Co. v. Brown, 137 Va. 670, 120 S.E. 269 (1923); 47 Va.L. Rev. 145, 159–60 (1961). It is difficult to imagine therefore that the legislature intended to vitiate this longstanding policy by allowing a plaintiff to sue the insurance company directly if the alleged tortfeasor is known when at the same time it was enacting the John Doe scheme, the only purpose of which was to keep the fact of insurance from the minds of the jury.

The plaintiff's contention that it may make the insurer the defendant of record is undercut further by the decision of the Virginia Supreme Court of Appeals in Doe v. Brown, 203 Va. 508, 125 S.E.2d 159 (1962), involving the unknown motorist provision of the "Uninsured Motorist Statute". There, the court stated, "trial courts should not permit the motion for judgment [2] to be seen by the jury or carried to their room where the jury may thus learn that the defendant, John Doe, is covered by insurance." If the plaintiff were permitted to sue the insurance company in its own name, there would be no purpose for the restriction on the use of this pleading which sets forth facts pertaining to insurance.

Finally, it must be noted that § 38.1–381(e) (1) requires the insured to serve a copy of process upon the insurance company and then gives the company the right to take certain action "as though such insurance company were a party defendant," and the insurance company may respond with pleadings or other action "in the name of the owner or operator of the uninsured motor vehicle or in its own name." Here the Statute does not contemplate the insurance company as a party defendant or else it would not have talked about the insurance company "as though" it were a defendant. It does give the company an option to defend in its own name, but certainly it does not require it to do so.

While this court is reluctant to reach a conclusion that adds to the burden of the plaintiff for whose benefit the Uninsured Motorist statute was undoubtedly enacted, it has no choice but to assume that the General Assembly of Virginia acted reasonably and without appending surplusage to its laws. We must hold therefore that the legislative scheme requires the insured motorist to establish the legal liability of the alleged tortfeasor before instituting an action against his insurance company under the uninsured motorist endorsement to his policy.[3]

## ORDER

And now, this 9th day of March 1966, it is hereby Ordered that the plaintiff's motion to strike from defendant's answer the defenses numbered 2, 3, 4 and 5 be denied and that the defendant's motion for Judgment on the pleadings pursuant to Rule 12(c) of Federal Rules of Civil Procedure be granted.

2. A motion for judgment is the initial pleading in a civil action in Virginia. Rule 3:3. Rules of Supreme Court of Appeals of Virginia.

3. 47 Va.L.Rev. 145, 151–52, 159, 161, 163 (1961).