## CIRCUIT COURT OF THE CITY OF RICHMOND

Tyler

  v.

Rawlings
and John Doe

May 6, 1974

Case No. 6627

By JUDGE ALEX H. SANDS, JR.

This case comes before the court upon a plea in abatement filed by Aetna Casualty and Surety Company. This plea challenges the existence of venue of the action in the City of Richmond.

The accident occurred in Hanover County, the plaintiff lives in Hanover County as does the defendant Rawlings. Plaintiff claims venue in the City of Richmond by reason of service here upon the Aetna Casualty and Surety Company appearing for "John Doe" under the uninsured motorist provision of the policy alleged to be covering the plaintiff. (The question as to whether or not this policy actually does or does not cover is prematurely raised at this point.)

Plaintiff relies upon *Hodgson* v. *Doe*, 203 Va. 938 (1962), to support his position that service upon Aetna (assuming for purposes of this plea that Aetna's policy covered plaintiff) created venue in the City of Richmond.

Aetna, on the other hand, takes the position that Section 8-38(6b) of the Code of Virginia, which was enacted subsequent to *Hodgson* v. *Doe, supra,* limits venue where the action is under § 38.1-381(e) to (a) where plaintiff resides or (b) where the cause of action arises. Plaintiff

says that § 8-38(6b) extends rather than limits the instances in which venue can be properly claimed.

In *Hodgson*, the Supreme Court held that in an action under § 38.1-381(e), the uninsured motorist carrier stood in the shoes of Doe and was, therefore, to be considered as a *party defendant to the action*. (page 943) This clearly means that under § 8-38(1) together with § 8-38(2), venue may be had where the company has its registered agent. (Aetna's registered agent is admittedly in Richmond.)

The court, for the above reason, finds it difficult to accept Aetna's reasoning that by enacting § 8-38(6b) the legislature intended to overrule *Hodgson*. The effect of this would be to wipe out § 8-38(1) and there is nothing in § 8-38(6b) to support any such conclusion. The obvious purpose of § 8-38(6b) was to bestow upon a plaintiff proceeding under § 38.1-381(e) the right to sue in the County or City where he resides in addition to the other general venue rights conferred by § 8-38.

For the above reasons, Aetna's plea in abatement will be overruled.