# Richmond

## Steven M. Truman

### v.

## Charles Arthur Spivey

April 29, 1983.

Record No. 801776.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson, and Russell, JJ., and Harrison, Retired Justice.

*George F. Tidey (Tidey & Voice*, on briefs), for appellant.
*Patrick J. Nooney (Buford M. Parsons, Jr.; May, Miller and Parsons*, on brief), for appellees.

COCHRAN, J., delivered the opinion of the Court.

On February 5, 1980, Steven M. Truman filed a motion for judgment against John Doe, an unknown motorist, seeking damages arising from a collision allegedly caused by the unknown motorist's negligent operation of a motor vehicle on February 8, 1978. A copy of the motion for judgment was served on State Farm Mutual Automobile Insurance Company (State Farm), which insured Truman against loss caused by the owner or operator of an uninsured motor vehicle. Under Code § 38.1-381(c), one of several statutory provisions collectively referred to as the Virginia Uninsured Motorist Act, a motor vehicle is deemed uninsured if the owner or operator is unknown. On February 22, State Farm, pursuant to the provisions of Code § 38.1-381(e), filed its grounds of defense in the name of John Doe in which it stated that the operator of the vehicle that collided with Truman was not unknown, but was Charles Arthur Spivey, of a specified Richmond address.

With leave of court, Truman filed an amended motion for judgment against John Doe and Spivey on March 25, alleging that either one or the other negligently operated the vehicle in question at the time of the accident. Service by posting was made on Spivey at his residence in Henrico County. On April 8, Spivey, through his attorney, filed an "Answer" denying the allegations of his involvement in and negligent causation of the accident, but raising no other defense. Thereafter, State Farm, as the uninsured motorist carrier, filed in Spivey's name and on his behalf a demurrer, grounds of defense, and a motion to dismiss on the ground that the action as to Spivey was barred by the two-year statute of limitations prescribed by Code § 8.01-243. After conducting a hearing on the motion, at which Truman presented no evidence in respect to the plea of the statute of limitations, the trial court entered an order on July 31, 1980, dismissing with prejudice the action against Spivey as time-barred pursuant to the judge's letter opinion of July 17, 1980. On appeal, Truman challenges this ruling of the trial court.

A statement of facts, amended by the trial court, shows that the operator of the vehicle which allegedly collided with that of Truman stopped at the scene of the accident but left before the police arrived. At the time of the alleged accident, Spivey was uninsured.

It thus appears that Spivey did not on his own behalf plead the statute of limitations, but that State Farm, which provided uninsured motorist protection for Truman whether the uninsured motorist was known or unknown, filed such a plea in bar of the action against Spivey. The action against John Doe is still pending. There is no evidence that Truman knew the unknown motorist was or might be Spivey until State Farm filed its responsive pleading more than two years after the alleged collision occurred.

Truman argues that John Doe and Spivey are one and the same, the motorist who operated the vehicle which collided with Truman's vehicle. Adding Spivey as a party defendant, he says, did not change the nature of the controversy or the subject matter of the litigation. He concludes that no new party was impleaded but that the amendment merely substituted a known person for a fictitious name. Therefore, he says, the action was instituted before the two-year deadline had expired, and State Farm may not successfully plead the statute of limitations on behalf of Spivey.

State Farm, in the name of Spivey, however, contends that the trial court ruled correctly that John Doe and Spivey were separate entities, each entitled to rely on the two-year statute of limitations from the time he was made a party defendant. According to the insurer, there was no substitution of parties; there was the addition of a new party defendant who was entitled to rely on the statutory bar. State Farm also says that, even where there is a substitution of parties, there is no provision in Virginia law or court rules for the statute of limitations to be applied as of the date the original action was initiated rather than the date the substituted party is brought into the litigation.

This appeal, requiring the construction of the Virginia Uninsured Motorist Act, is a case of first impression. Cases from other jurisdictions, where fictitious pleading is authorized by statute or rule, offer some assistance. Thus, in *Farrell* v. *Votator Division of Chemetron Corp.*, 62 N.J. 111, 299 A.2d 394 (1973), where a named defendant was, as authorized by a procedural rule, substituted by amendment for an unknown defendant, the amendment was held to relate back to the original complaint. Similarly, in California, a named defendant substituted for a fictitious one under the California statute permitting fictitious pleading is considered a party litigant from the commencement of the action for purposes of the statute of limitations. *Austin* v. *Massachusetts Bonding & Insurance Co.*, 56 Cal.2d 596, 364 P.2d 681, 15 Cal. Rptr. 817 (1961). *See also Day* v. *Western Loan & Bldg. Co.*, 42 Cal. App.2d 226, 108 P.2d 702 (1940).

In *Maddux* v. *Gardner*, 239 Mo. App. 289, 192 S.W.2d 14 (1945), a wrongful death action was timely brought against the unknown engineer of a railway train. The named engineer was substituted for the unknown defendant after the statute of limitations had expired. The amendment substituting the known defendant but making no substantive change in the claim was held to relate back to the initial filing of the action. In this case, it appears that there was no applicable statute or rule of court.

Under the Virginia Uninsured Motorist Act, John Doe is a fictitious person who speaks through the uninsured motorist carrier, which is the party ultimately liable. *John Doe* v. *Brown*, 203 Va. 508, 513, 125 S.E.2d 159, 163 (1962). A John Doe action under the Act is not on the insurance contract but is an action in tort. *Id.* at 515, 125 S.E.2d at 164. John Doe, through the insur-

ance carrier, can make any defense that the real defendant could make. Code § 38.1-381(e).

Under Code § 38.1-381(e1) an insured intending to rely on the Act must have a copy of the process served on the uninsured motorist carrier "as though such insurance company were a party defendant." The Act provides that a judgment against John Doe is no bar to a subsequent action by the injured insured against the real owner or operator if his identity becomes known. Code § 38.1-381(f). This subsection also specifically authorizes the joinder of the known defendant in an action against John Doe.

The trial court, in ruling that John Doe and Spivey were separate entities, noted that they were subject to different venue laws. Thus, in a John Doe action venue is to be determined as if the action were against the insurance carrier itself. *Hodgson* v. *John Doe*, 203 Va. 938, 943, 128 S.E.2d 444, 447 (1962).

From the foregoing, it is apparent that in some respects John Doe and the real defendant are the same but in other respects they are separate and independent entities. We hold that under the facts of this case John Doe and Spivey should be treated as the same party in the application of the statute of limitations to Truman's alternative allegations of liability.

Where the defendant is uninsured, the potential liability of the plaintiff's insurance carrier is the same whether the identity of the defendant is known or unknown. Whether the operator of the vehicle involved in the collision with Truman is ultimately found to be unknown or known but uninsured, State Farm was given notice of the nature of the claim upon which its liability would be based by the timely filing of the John Doe action and subsequent service of process upon it.

The object of the statutes of limitations is "to compel the exercise of a right of action within a reasonable time," *Street* v. *Consumers Min. Corp.*, 185 Va. 561, 575, 39 S.E.2d 271, 277 (1946), to prevent surprise and to avoid problems incident to the gathering and presentation of evidence when claims have become stale. The right of action in this case was exercised within a reasonable time in respect to State Farm. Any surprise arising from the claim was Truman's, not State Farm's, when Truman was informed in the responsive pleadings to his motion for judgment of the identity of the uninsured motorist. Any problems in the gathering of evidence resulting from the amendment adding Spivey likewise would be Truman's rather than State Farm's. Further-

more, the actions taken by State Farm to protect its own interests also afforded a substantial measure of protection to Spivey's interests. State Farm's incentive to undertake these defensive actions on behalf of the uninsured motorist who collided with Truman dated from the timely filing of the original action and continued after the addition of Spivey as a named defendant. Therefore, the policy concerns addressed by the statute of limitations were adequately protected in respect to Spivey.

Truman brought this action against the operator, unknown to him, whose negligence allegedly caused the accident. As soon as he made his claim under the Act against his insurance carrier, an adversary relationship arose and State Farm was under no obligation to furnish him information. *See Maxey* v. *John Doe and GEICO,* 217 Va. 22, 25, 26, 225 S.E.2d 359, 362 (1976). Nevertheless, if State Farm had discovered not only that John Doe was Spivey but that Spivey was insured with another company, there would have been compelling incentive for State Farm to communicate this information promptly to Truman in expectation of eliminating State Farm's exposure to liability under the Act. On the other hand, if, as apparently happened here, State Farm in investigating the accident discovered that John Doe was Spivey but Spivey was uninsured, there was no incentive to communicate this information promptly to Truman because identification of the uninsured motorist would not affect the insurer's exposure to liability although it might give rise to the subrogation rights afforded by the Act.

Spivey's counsel conceded in oral argument that, according to his theory, the bar of the statute would also apply if Truman, more than two years after the date of the accident, had moved to substitute Spivey for John Doe rather than to add Spivey as a party defendant. He further conceded that, under his approach, if a plaintiff in a John Doe action ascertained the identity of John Doe more than two years after the accident, he could neither recover against John Doe, since John Doe must be unknown, nor against the known defendant, since suit against him would be time-barred. Under any theory, it is apparent that if a plaintiff, on the basis of information obtained from his insurer or otherwise, substitutes a named defendant for John Doe but cannot prove at trial that the identification was correct he may be precluded from recovering against either.

We need not and do not decide whether the bar of limitations will apply if John Doe, when identified, is insured and is made a party defendant. We are concerned only with actions against uninsured motorists. For the reasons stated above, the statute of limitations was tolled as to the named uninsured motorist Spivey upon the timely filing of the action against the unknown uninsured motorist John Doe.

We will reverse the judgment of the trial court and remand the case for trial on the merits.

*Reversed and remanded.*

COMPTON, J., concurs in result.