## CIRCUIT COURT OF THE CITY OF WINCHESTER

Gates

v.

John Doe et al.

June 24, 1983

Case No (Law) 82-L-133

By JUDGE HENRY H. WHITING

In this uninsured motorist case the defendant has filed a motion for change of venue under the provisions of Virginia Code § 8.01-262 and in accordance with the case of *Hodgson v. John Doe*, 203 Va. 938 (1962). That case held that the proper venue in an action against an uninsured motorist was the venue in which the action might have been brought against the insurance company (*id.* at 943). However, since *Hodgson* the Gen- eral Assembly amended the venue statute substantially and created a permissive venue "wherein the defendant regularly or systematically conducts affairs or business activity," Section 8.01-262, and the plaintiff relies upon it to establish venue. That section lists several "permissible venues," of which the above was one, and another is where the defendant resides, in this case in Albemarle County, where the insurance company has its place of business. Neither of these two categories has precedence one over the other, and the issue is one of discretion in deciding which is the more convenient venue. § 8.01-267.

The Court believes that the motion for *change* of venue should have been a motion to *transfer* venue "for good cause shown. . . to any fair and convenient forum" under § 8.01-265, and both it and counsel at argument have treated the motion in that fashion. That Code section also authorizes the Court "on motion of a plaintiff and for good cause shown [to] retain the action for trial.

. . Good cause shall be deemed to include, but not to be limited to, . . . the avoidance of substantial inconvenience to the parties or the witnesses." *Ibid.*

Evidence was heard on April 19, 1983, on the issue of whether the insurance company does "regularly or systematically conduct affairs or business activity" in the City of Winchester. After hearing the evidence, the Court finds that although Ken Smith testified he was an independent contractor and not the agent of the company at the time this policy was issued, both he and Richard Kaylor, who occupy the same status, advertise as agents of the company in both the local newspapers and in the yellow pages of the telephone book. Mr. Smith said he had authority to bind the company to any policy issued and so advised the insured. He did say that occasionally the company rejected the application but cancelled it as of the date of that rejection. In this particular case the company has furnished a copy of the policy in question, and it shows that Mr. Smith himself bound the company to the coverage as agent of the company, and the Court finds as a fact that he was held out as an agent of the company and for the purposes of this case was acting as an agent of the company and, indeed, had been doing so in most instances in which policies have been issued for the past twenty-nine years in the City of Winchester. Mr. Smith is the agent of the company despite his protestations and because of such agency the company is found to have regularly and systematically conducted its affairs or business activities in the City of Winchester at the time the policy was issued.

The Court has also heard the argument by the defendant that it would be more convenient to try the case in Albemarle County, but considering the fact that many of the witnesses live in Winchester, the accident occurred in Maryland a short distance from Winchester and quite a distance from Charlottesville, the Court finds that the insurance company has failed to show good cause for the transfer of the action but, on the contrary, retaining the case for trial in Winchester will avoid substantial inconvenience to plaintiff and the witnesses. The Court finds no substantial inconvenience to the defendant since it is in the business of defending claims, has regularly employed counsel in Winchester and apparently has not shown any policy defenses which would be established out of its Albemarle County office. Indeed, the Court

suspects that any personnel who investigated this claim in the field probably were employees of the company residing in the Maryland or Northern Virginia area and not down in Charlottesville.