## CIRCUIT COURT OF CAMPBELL COUNTY

Sally L. Keesee for the benefit
of Commercial Union Insurance Co.

v.

Stephen Leslie Mason and
State Farm Mutual Auto. Ins. Co.

September 19, 1984

By JUDGE J. SAMUEL JOHNSTON, JR.

There are only two issues in this case and in both I fell compelled to rule in defendants' favor.

(1) May plaintiff join a liability insurer with an insured as defendants in the extant action?

Section 8.01-5(B) (Repl. Vol. 1984) prohibits joinder of an insurance carrier on account of the issuance of an insurance policy to a party in a cause of action. The holding of the Supreme Court of Virginia in *United Services Automobile Ass'n. v. Nationwide Mutual Insurance Co.*, 218 Va. 861 (1978), indicates that an action against a tortfeasor's liability carrier may not be maintained before obtaining judgment against the tortfeasor citing the aforementioned code section in support of the opinion. The case of *Truman v. Spivey*, 225 Va. 274 (1983), gives me some pause, but I believe it is so factually and legally distinguishable from our case that it does not mandate an opposite conclusion to the one I have reached. The Supreme Court in *Truman* seemed to still recognize the distinct identities of John Doe and a named defendant save for the peculiar facts of that case. The language that John Doe and a named defendant are "in other respects . . . separate and independent entities," *id.* at 279, support my conclusion as to the first issue in this case. To rule otherwise would forever allow a judgment against

John Doe to serve as a judgment against an insured which is an absurdity and would create massive injustices and is contrary to logic and the dictates of Virginia law.

(2) While admitting that the answer is not crystal clear and the holding in *Truman* could be read to support plaintiff's contention here, I once again feel compelled to rule in favor of defendants. This is clearly an attempt by an uninsured motorist carrier to enforce its right of subrogation to an insured. This is a derivative right enjoyed by an insurer and is akin to a tort action rather than an indemnification proceeding. The holding in *United Services, supra*, indicates that there be no implied promise of indemnity where an uninsured motorist carrier settles with its insured without consulting the alleged tortfeasor's liability carrier. The same result should obtain here as neither of the defendants was a party to the John Doe action and it is of no moment that a judgment was entered rather than the case being dismissed as settled. I must note, as an aside, that counsel for plaintiff showed great ingenuity in his tactics to have the case proceed as far as it has. To allow this case to proceed would allow plaintiffs to enjoy an open ended statute of limitations, a decision that is contrary in all respects to the policy of the statutes of limitation. Thus, I rule that the two-year statute of limitations, as set forth in Virginia Code Section 8.01-243, is applicable here and the plaintiff's suit was not timely filed and must be dismissed.