Lyons

v.

Teran,
John Doe,
and Edward Smith

Case No. (Law) 10731

By JUDGE ALFRED D. SWERSKY

November 20, 1987

This matter is before the Court on Defendant Edward Smith's Plea in Bar. A Motion for Judgment was filed on June 10, 1986, against Defendant Teran and "John Doe." Notice was given to Plaintiff's uninsured motorist carrier pursuant to Code of Virginia, Section 38.2-2206(E). That carrier is Government Employees Insurance Company (GEICO). Pursuant to Section F of that statute, GEICO appeared and answered on behalf of "John Doe." The date of the accident was June 30, 1984, and GEICO's answer was filed on July 3, 1986.

In August of 1986, GEICO disclosed in Answers to Plaintiff's Interrogatories that "John Doe" was, in fact, Edward Smith and furnished his address to Plaintiff. In September of 1986, Plaintiff served Edward Smith with a copy of her original Motion for Judgment through the Secretary of the Commonwealth. No response was made on behalf of Smith, and on June 26, 1987, with leave of Court, Plaintiff filed an Amended Motion for Judgment naming Smith as a Defendant alleging that he or "John Doe" negligently operated a motor vehicle causing Plain-

tiff's injuries. An Answer was filed on behalf of "John Doe" by GEICO, and Smith responded by answer and this Plea in Bar, alleging that the Amended Motion for Judgment was not timely filed as to him in violation of the Statute of Limitations as set forth in Code of Virginia, Section 8.01-243.

Both Plaintiff and Smith agree that Smith is insured for purposes of this claim by GEICO.

In *Truman v. Spivey*, 225 Va. 274 (1983), the Supreme Court decided that the policy concerns addressed by the statute of limitations were adequately protected in a case where the identity of "John Doe" was disclosed by the uninsured motorist carrier subsequent to the expiration of the statute of limitations and the known motorist was, in fact, uninsured. The rationale of that decision was that the right of action had been timely exercised as to the insurance carrier; that they had not been inhibited by lack of notice in gathering evidence; that the carriers actions in defending "John Doe" afforded substantial protection to the interests of the known Defendant; and the carrier's incentive to take defensive actions dated from the timely filing of the original action. The Court did not, however, decide whether the limitations would apply if the known motorist was insured and was later made a party.

The same considerations that form the basis of the decision in *Truman* clearly apply here. No prejudice results to GEICO by the identification of the driver as Smith; no delay in response is caused; no loss of evidence results, and GEICO's incentive to defend is not impaired.

While GEICO had no duty to furnish Plaintiff with information regarding Smith's identity, *Maxey v. John Doe, et al.*, 217 Va. 22 (1976), there is every indication that GEICO knew Smith's identity and address substantially prior to the expiration of the statutory period. GEICO, because Smith was their insured, had no incentive to communicate the information to Plaintiff "because identification of the uninsured motorist would not affect the insurer's exposure to liability. . . ." *Truman v. Spivey, supra,* at page 280. Here, GEICO's exposure would not adversely be affected unless the policy limits of Plaintiff's uninsured motorist coverage are greater than the limits in

Smith's liability policy. No such assertion is made by GEICO nor by Smith.

Thus, in cases where the known motorist is insured but insured by the same carrier as affords Plaintiff uninsured motorist coverage, the rule in *Truman* applies and the statute of limitations is tolled as to the named uninsured motorist by the timely filing of an action against the unknown uninsured motorist.

### January 4, 1988

This matter is before the Court on Defendant Edward Smith's Motion to Reconsider the Court's ruling on his Plea in Bar as set out in the Court's letter of November 20, 1987.

Smith argues that the Court's "finding of fact" that GEICO knew of his identity prior to the expiration of the statute of limitations is without a basis in the evidence at least to the extent that he is entitled to a hearing on this question. Further, he argues that the Court has failed to consider the possible ramifications of the denial of his claim on him personally as opposed to the effect on his insurance company and that this is not truly an uninsured motorist case.

The "finding" that GEICO knew of Smith's identity prior to the expiration of the statute of limitations is not the linchpin of the Court's decision and, even if it arises to a finding of fact, it is not determinative of the issues here. It is of no consequence to this decision whether or not GEICO knew Smith's identity before the expiration of the statutory time. The rationale of *Truman v. Spivey*, 225 Va. 274 (1983), was to treat the "John Doe" Defendant and the known uninsured Defendant as the same party for purposes of the statute of limitations. Applying this rationale, there is no resulting prejudice to Smith because "the policy concerns addressed by the statute of limitations were adequately protected." *See Truman v. Spivey, supra,* at 280.

Since the purpose of statutes of limitations is to compel the exercise of a right of action within a reasonable time, to prevent surprise, and to avoid problems of gathering and presenting evidence, Smith's interests have been afforded a substantial measure of protection

by the notice to GEICO of Plaintiff's right of action. Plaintiff has in good faith proceeded with an action based on the Uninsured Motorist Statute, and this case was treated as such by all parties including GEICO, who answered on behalf of "John Doe." Code of Virginia, Section 38.2-2206(G) provides that the bringing of a "John Doe" action is not a bar to an action against the owner or operator who has been proceeded against as "John Doe" when his identity becomes known.