## CIRCUIT COURT OF THE CITY OF RICHMOND

Earl C. Smith

v.

John Doe

May 18, 1988

Case No. LL-1476-2

By JUDGE ROBERT L. HARRIS, SR.

On April 25, 1988, the plaintiff and the defendant appeared, by counsel, on the defendant's motion to transfer venue pursuant to § 8.01-264 of the Code of Virginia, 1950, as amended.

The plaintiff, Earl C. Smith, a resident of Hanover County, was injured in an automobile accident on January 6, 1986, as he traveled east on Parham Road in Henrico County, Virginia. Smith alleges that the driver of the vehicle which struck his car is unknown, and therefore, on June 26, 1987, he filed this suit against John Doe pursuant to the uninsured motorist statute. The defendant was granted leave of court to file a late Grounds of Defense and Motion to Transfer Venue on July 27, 1987.

For his Motion to Transfer Venue, defendant argues that venue of this court is established by Va. Code Section 8.01-262(10) (1987 Cum. Supp.), which states:

In any actions to which this chapter applies except those actions enumerated in Category A where preferred venue is specified, one or more of the following counties or cities shall be permissible forums, such forums being sometimes referred to as "Category B" in this title. . . .

(10) In actions in which all of the defendants are unknown or are nonresidents of the Commonwealth, or if there is no other forum available under any other provisions of Section 8.01-261, or this section, then the county or city where any of the plaintiffs reside.

Defendant argues that according to this section venue in the present case would lie either in Hanover County, Virginia, where the plaintiff resides or in Henrico County, Virginia, where the cause of action arose.

Plaintiff moved the court to retain this case in the City of Richmond relying on the case of *Hodgson v. John Doe*, 203 Va. 938 (1962). In *Hodgson*, the plaintiff was injured in a car accident in the state of Tennessee by an unidentified motorist. The plaintiff filed suit against John Doe through her insurance carrier, Nationwide Mutual Insurance Company, in the Corporation Court of the City of Bristol, Virginia. The defendant then filed a plea in abatement challenging the venue of the action. *Hodgson* held that:

> Since John Doe is a fictitious person, and has no place of abode apart from the insurance company, and since notice of the action must be served on the insurance company which defends the action in the name of John Doe, it may reasonably be concluded, for the purpose of venue, that the action may be treated as being against the real defendant, the insurance company, and thus permit the plaintiff to have the protection for which he has paid. We hold, therefore, that the venue for the John Doe action, which is not specifically fixed by the uninsured motorist law, is to be determined under the general venue statutes as if the action against John Doe were against the insurance company itself. *Id*. at 943.

The plaintiff argues that since *Hodgson* has never been overruled, the City of Richmond is the proper venue as the defendant insurance company operates and does business in the City of Richmond. Plaintiff further contends

that it would be inequitable for venue to be transferred at this late date because the defendant filed his Motion to Transfer Venue in July of 1987, and almost ten months elapsed before the Motion to Transfer Venue was heard. Plaintiff asserts that a trial date of July 15, 1988, has been set and a transfer at this late date will have the effect of a continuance, significantly delaying the trial.

Although the court finds that *Hodgson* has not been overruled, it appears that the *Hodgson* court placed great emphasis on Va. Code § 38.1-381(e) in effect in 1962, which provided that process on John Doe shall be served on the insurance company "as though such insurance company were a party defendant." Subsequent to *Hodgson*, in 1986, Section 38.1-381(e) was repealed and the Revisor's Note under § 8.01-262(10) states that subsection (10) "includes the former venue provisions of the Virginia long arm statutes, § 8-38(6a) and (6b), 38.1-381(e)."

Thus, it is the opinion of this court that since this statute was enacted in 1977 subsequent to the *Hodgson* case, Va. Code § 8.01-262(10) (1984 Repl. Vol.) controls the venue in John Doe motor vehicle accidents.

However, this court is of the opinion that since the defendant waited almost ten months to pursue the venue hearing knowing that the trial is set for July 15, 1988, it would be inequitable to change venue at this late date. Although the defendant filed his Motion to Transfer Venue in a timely manner as required by Va. Code § 8.01-264, the defendant failed to promptly schedule a hearing with the court. *See* Revisor's Note, Va. Code § 8.01-264 (1984 Repl. Vol.) This court is of the opinion that once an objection is made, the burden is on the moving party to bring the matter to the court's attention in a timely fashion. Section 8.01-265 allows the court "on motion of a plaintiff and for good cause shown," to retain the action for trial. Under this section good cause includes the avoidance of substantial inconvenience to the parties or witnesses. This court is of the opinion that to transfer venue at this late date would cause a substantial inconvenience to the parties as a new trial date would have to be obtained. Therefore, this court finds that the interests of justice require that this case be retained in the City of Richmond.