**CIRCUIT COURT OF THE CITY OF RICHMOND**

Raymond Pierre Lee, Jr.

v.

John Doe

January 30, 1989

Case No. LM-3323-3

By JUDGE T. J. MARKOW

The court has reviewed Mr. Johnson's motion to reconsider and has also reviewed the cases attached, as well as § 8.01-262 of the Code of Virginia. The motion to reconsider will be overruled. The case will be transferred as previously indicated.

The court concurs with Judge Harris's opinion in *Smith v. John Doe*, 11 Va. Cir. 288 (1988), and offers this additional rationale in support of the court's decision.

Section 8.01-262(10) of the Code is specifically structured to cover exactly this type of case. On that I do not believe either of you disagrees. The issue, however, is whether this is the only permissible venue under § 8.01-262.

The only other section that could apply in this case is § 8.01-262(3), which provides permissible venue.

> 3. Wherein the *defendant* regularly conducts affairs or business activity . . . . (Emphasis added.)

The only defendant in this case is John Doe. The insurance carrier is not a defendant. The uninsured motorists coverage section of the Code which is applicable simply states that service will be made on the carrier

"as if it were a party defendant." Further, it states that in other respects, it "shall have the right to file pleadings and take other action allowable by *law in the name of John Doe*." Va. Code Ann. § 38.2-2206(E). The legislature makes a distinction between how a carrier is served (as if it were a defendant) and how it otherwise participates (in the name of John Doe). It does not contemplate that the carrier be treated for all purposes as the defendant. Consequently, the carrier is not a defendant, and § 8.01-262(3) is inapplicable.

For this reason, § 8.01-262(10) was enacted and is controlling here.