## CIRCUIT COURT OF THE CITY OF RICHMOND

V. Edie Brown

v.

John Doe

April 25, 1991

Case No. LT-256-4

By JUDGE RANDALL G. JOHNSON

This "John Doe" case is before the court on defendant's objection to venue.[1] At issue is whether the Supreme Court's holding in *Hodgson v. John Doe*, 203 Va. 938, 128 S.E.2d 444 (1962), still represents controlling law. I find that it does not.

In *Hodgson*, the Supreme Court held:

> Since John Doe is a fictitious person and has no place of abode apart from the insurance company, and since notice of the action must be served on the insurance company which defends the action in the name of John Doe, it may reasonably be concluded, for the purpose of venue, that the action may be treated as being against the real defendant, the insurance company, and thus permit the plaintiff to have the protection for which he has paid. We hold, therefore, that the venue for the John Doe action, which is not specifically fixed by the uninsured motorist law, is to be determined under the general venue statutes as if the action against

---

[1] As used herein, the term "defendant" refers to the uninsured motorist carrier upon whom service of process was made under Va. Code Section 38.2-2206.

John Doe were against the insurance company itself.

203 Va. at 938.

Relying on the holding of *Hodgson*, plaintiff filed this case in Richmond where the insurance carrier does business, even though the accident occurred in Hanover County, which is also where plaintiff resides.

On at least two previous occasions, this court has held that the holding of *Hodgson* has been abrogated by Va. Code § 8.01-262(10), which was adopted in 1977, fifteen years after *Hodgson* was decided. *Smith v. John Doe*, 11 Va. Cir. 288 (1988) (Harris, J.); *Lee v. John Doe*, Case No. LM-3323-3 (Markow, J., letter opinion dated January 30, 1989). Section 8.01-262(10), part of the general permissible venue statute, provides:

> 10. In actions in which all of the defendants are unknown or are nonresidents of the Commonwealth, or if there is no other forum available under any other provisions of § 8.01-261, or this section, then the county or city where any of the plaintiffs reside.

In *Smith*, Judge Harris concluded:

> Although the court finds that *Hodgson* has not been overruled, it appears that the *Hodgson* court placed great emphasis on Va. Code Section 38.1-381(e) in effect in 1962, which provided that process on John Doe shall be served on the insurance company "as though such insurance company were a party defendant." Subsequent to *Hodgson*, in 1986, § 38.1-381(e) was repealed and the Revisor's Note under § 8.01-262(10) states that subsection (10) "includes the former venue provisions of the Virginia long arm statutes, § 8-38(6a) and (6b), 38.1-381(e)."
>
> Thus, it is the opinion of this court that since this statute was enacted in 1977 subsequent

to the *Hodgson* case, Va. Code § 8.01-262(10) (1984 Repl. Vol.) controls the venue in John Doe motor vehicle accidents.

11 Va. Cir. at 290.

In *Lee*, Judge Markow adopted the rationale and holding of *Smith* and added:

> The only defendant in this case is John Doe. The insurance carrier is not a defendant. The uninsured motorists coverage section of the Code which is applicable simply states that service will be made on the carrier "as if it were a party defendant." Further, it states that in other respects, it "shall have the right to file pleadings and take other action allowable by *law in the name of John Doe.*" Va. Code Ann. § 38.2-2206(E). The legislature makes a distinction between how a carrier is served (as if it were a defendant) and how it otherwise participates (in the name of John Doe). It does not contemplate that the carrier be treated for all purposes as the defendant. Consequently, the carrier is not a defendant, and § 8.01-262(3) is inapplicable.
>
> For this reason, § 8.01-262(10) was enacted and is controlling here.

Letter opinion *infra* (emphasis in original).

Because I concur with the holdings of *Smith* and *Lee*, defendant's objection to venue in the instant case will be sustained. I feel, however, that a few additional comments are appropriate.

*Hodgson* was decided in 1962. At that time, Virginia's general venue statutes provided for venue in personal injury cases against resident nongovernmental entities in two places only: where the defendant resided (§ 8-38(1)); and where the cause of action arose (§ 8-39). In cases involving nonresident defendants, venue was also appropriate where the cause of action arose (§ 8-38(6a)); and also where the plaintiff resided (*id.*); and where the defendant could be found and served with process or had estate or debts due him or her. Section 8-38(7). There was no provi-

sion for venue in cases involving unknown defendants, or in cases to which none of the other venue statutes applied. This was extremely important in *Hodgson* since the accident in that case occurred in Tennessee and the defendant driver was unknown. Moreover, Tennessee had no uninsured motorist law at that time, meaning that plaintiff could not bring her action in Tennessee. Thus, the Supreme Court had to choose between "creating" a venue for plaintiff's action in Virginia or leaving plaintiff with no remedy at all. It chose to create a venue.

The Supreme Court's concern with plaintiff's plight is evident in *Hodgson*. The Court first recognized that the plaintiff's uninsured coverage contained no territorial limitation; that is, it was not applicable only to accidents occurring in Virginia. 203 Va. at 942. Next, the Court stated that the protection afforded by the policy was something for which the plaintiff had paid an additional premium and that such protection followed the plaintiff even in those states which did not have uninsured motorist laws. *Id.* at 942-43. The Court then observed that such protection "would be rendered unenforceable and worthless if the basic action against John Doe may be brought only where the accident happened and the State where it happened has no provision for such an action." *Id.* at 943. Having also observed that Virginia's venue statutes were designed to "provide the litigant, so far as possible, with a convenient and familiar jurisdiction for the trial of his case (*id.* at 941), it is clear that the Court's ultimate holding was, indeed, fashioned to "permit the plaintiff to have the protection for which he has paid."[3]

The dilemma which faced the Supreme Court in *Hodgson* no longer exists. Section 8.01-262(10), set out *supra*, now gives a plaintiff a fair and convenient forum to prosecute his or her claim in a John Doe action, no matter where the accident occurred. Further, that section also provides a fair and convenient forum for any plaintiff in a case where no other venue exists under the general venue statutes. Simply put, the need for the fiction created in *Hodgson* no longer exists, and its holding,

---

[3] Id. at 943. See quotation from Hodgson, supra.

so far as the question of venue is concerned, can now be discarded.

I also feel that it is necessary to comment on two cases cited by plaintiff in support of his argument that *Hodgson* still applies. In *Truman v. Spivey*, 225 Va. 274, 302 S.E.2d 517 (1983), which was decided eleven years after *Hodgson*, and six years after the enactment of Section 8.01-262(10), the Supreme Court cited *Hodgson* and again stated that "in a John Doe action, venue is to be determined as if the action were against the insurance carrier itself." 225 Va. at 279. *Truman*, however, did not involve a question of venue. It involved a question of the statute of limitations.

At the time Truman filed his suit, the defendant was unknown. The insurance carrier, in its grounds of defense, affirmatively alleged that the defendant was not unknown but was one Charles Arthur Spivey. Plaintiff then filed an amended motion for judgment, such filing occurring more than two years after the accident, naming both John Doe and Spivey as defendants. The trial court, holding that John Doe and Spivey were separate entities, dismissed the action against Spivey as time-barred. The Supreme Court reversed. In effect, the Court held that while "in some respects John Doe and the real defendant are the same, but in other respects they are separate and independent entities,"[4] they should be treated as the same party under the facts of that case in the application of the statute of limitations. *Id.* It is during the Court's analysis leading up to that conclusion that the aforementioned citation to *Hodgson* and the accompanying language are found. As such, that language is merely dictum with no binding effect. I conclude that given an opportunity to reconsider the venue holding of *Hodgson* in light of Section 8.01-262(10), the Court would no longer follow it.[5]

[4] 225 Va. at 279.

[5] Actually, it is not entirely clear whether the reference to Hodgson in Truman was a reference being made by the Supreme Court or merely a statement that Hodgson was relied on by the trial court. The complete quotation contained in Truman is: "The trial court, in ruling that John Doe and Spivey were separate

Finally, in *Gates v. John Doe*, 4 Va. Cir. 98 (1983), then Judge (now Justice) Whiting held that venue in a John Doe case is proper where the insurance company "regularly or systematically conducts affairs or business activity." *See* § 8.01-262(3).[6] There is no indication from his opinion, however, that either party cited Justice Whiting to § 8.01-262(10), or that Justice Whiting considered that section in reaching his decision. It simply is never mentioned in his opinion. Again, it is my opinion that an analysis of *Hodgson* in light of the enactment of § 8.01-262(10) leads to the inescapable conclusion that *Hodgson's* holding on venue has been abrogated by Section 8.01-262(10) and that venue in this case must be transferred.

Because defendant's motion asks that the case be transferred to Hanover County (*see* § 8.01-264(A)), and because Hanover is where the accident happened and where plaintiff resides, the case will be transferred there.

entities, noted that they were subject to different venue laws. Thus, in a John Doe action, venue is to be determined as if the action were against the insurance carrier itself. Hodgson v. John Doe, 203 Va. 938, 943, 128 S.E.2d 444, 447 (1962)." 225 Va. at 279. It is entirely possible that rather than reaffirming the holding of Hodgson, the Supreme Court was simply stating that the trial court based its decision on Hodgson's holding. In any event, as stated in the text, the above language is dictum only and is not controlling.

[6] Section 8.01-262(3) was amended in 1985 to delete the words "or systematically."