Present: All the Justices

SHERNETTE L. RIVERA

v. Record No. 980712    OPINION BY JUSTICE ELIZABETH B. LACY
                                    February 26, 1999
JOHNNY LEE WITT

FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
J. Samuel Johnston, Judge

In this appeal involving the uninsured motorist statute, we consider whether John Doe and an insured motorist later identified as John Doe are considered the same entity for purposes of the statute of limitations.

Shernette L. Rivera (Rivera) filed a motion for judgment on August 13, 1993 against John Doe, an unknown driver, for injuries she sustained in an automobile accident on January 23, 1992. Pursuant to Code § 38.2-2206 (the uninsured motorist statute), Rivera served a copy of the motion for judgment on Colonial Insurance Company of California (Colonial), her uninsured motorist insurance carrier. Rivera subsequently learned that the John Doe motorist was "in all probability" Johnny Lee Witt, and she filed a motion to join Witt as a defendant on January 19, 1996. The trial court entered an order granting Rivera's motion. The court also non-suited Rivera's action against John Doe on the agreement of counsel for Rivera and Colonial.

Witt then filed a plea in bar asserting that Rivera's cause of action against him was barred because it was filed

beyond the two-year limitations period established by Code § 8.01-243. Rivera responded that under this Court's holding in Truman v. Spivey, 225 Va. 274, 302 S.E.2d 517 (1983), her amended motion for judgment was not time barred. Following a hearing, the trial court determined that Truman was not applicable and entered an order granting Witt's plea and dismissing Rivera's motion for judgment with prejudice. Rivera appealed.

Both parties acknowledge that the issue presented in this case was not resolved in Truman. The Court in Truman held that, for statute of limitations purposes, an unidentified John Doe motorist and the later-identified uninsured motorist are considered the same entity under Code § 38.1-381, the predecessor of Code § 38.2-2206. 225 Va. at 279, 302 S.E.2d at 519. Because they were the same entity, the Court concluded, an amended motion for judgment adding the identified uninsured motorist as a defendant was not barred by the limitations period, even though the amendment was filed after the expiration of that period. The Court specifically declined to determine whether it would reach the same result if the subsequently identified motorist were an insured motorist. Id. at 281, 302 S.E.2d at 520.

Rivera argues we should apply the same analysis the Court employed in Truman to the facts of this case. She contends

2

that by applying that analysis we would reach the conclusion that John Doe and the later-identified motorist, Witt, should be considered the same entity for statute of limitations purposes.  We disagree.

Rivera's conclusion is premised on her contention that the Court's analysis in Truman was concerned primarily with considerations of prejudice.  She argues that in resolving the limitations issue, the Court in Truman determined that John Doe and the later-identified uninsured motorist, Charles Spivey, should be considered the same entity because doing so would not offend the purposes of the statute of limitations and because the actions of the plaintiff's uninsured motorist insurance carrier in defending the John Doe "afforded a substantial measure of protection" to Spivey.  Id. at 280, 302 S.E.2d at 520.  In this case, she asserts, Witt likewise has suffered no prejudice and Colonial's actions in defending John Doe afforded Witt and his insurer a substantial measure of protection.

However, the analysis in Truman was not as limited as Rivera characterizes it.  Indeed, such an analysis, as described by Rivera, would effectively create an exception to the statute of limitations whenever a plaintiff could show that a defendant is not prejudiced by permitting suit against him after the limitations period has expired.  This would be

contrary to the established principle that statutes of limitations are strictly enforced and must be applied unless the General Assembly has clearly created an exception to their application.  Arrington v. Peoples Sec. Life Ins. Co., 250 Va. 52, 55, 458 S.E.2d 289, 290-91 (1995); see, e.g., Code § 8.01-6 (providing that addition of new defendant relates back to date of original filing under certain conditions).[1]  While prejudice may be a factor to be considered in applying these statutory exceptions, a court is not free to generally engage in considerations of prejudice to determine whether a statute of limitations should be applied.

The Court's analysis in Truman did not focus on prejudice, but on whether the uninsured motorist statute treated the unidentified uninsured motorist, Doe, and the subsequently identified uninsured motorist, Spivey, as the same entity.  The statute, as the Court observed, treated Doe and Spivey as the same entity in some respects and as different entities in other respects.  The Court concluded, however, that on the facts of that case, Spivey and Doe should be treated as the same entity for statute of limitations purposes on two primary grounds:  first, the uninsured motorist statute imposed liability on the plaintiff's uninsured motorist insurance carrier for any judgment against

---

[1] Rivera did not claim that she was entitled to relief

4

an uninsured motorist, regardless of whether the identity of the motorist was known or unknown; and second, the statute afforded the uninsured motorist insurance carrier timely notice of and the opportunity to defend against the claim in which liability was sought to be imposed. Truman, 225 Va. at 279, 302 S.E.2d at 519-20. The Court in Truman then reviewed the purposes of the statute of limitations to insure that treating John Doe and Spivey as the same entities in that case did not offend the traditional goals of such statutes. Id. It was in this context that considerations of prejudice were discussed.

If we apply the Truman analysis to resolve the limitations questions in this case, our initial inquiry is whether the uninsured motorist statute requires or supports treating John Doe and Witt as the same entity for statute of limitations purposes. The crucial distinction in our consideration of the statute in this case is that, unlike the later-identified motorist in Truman, Witt is an insured motorist.[2]

---

under Code § 8.01-6.

[2] Rivera asserts that Witt's insurer is defending the case under a reservation of rights and that it may eventually deny Witt coverage, thereby making Witt an uninsured motorist under the definitions contained in Code § 38.2-2206(B). We, however, must consider this case in the factual posture presented and, therefore, do not address the speculative factual circumstance suggested by Rivera. Rivera does not assert Witt is an underinsured motorist.

The uninsured motorist statute addresses the liability of a plaintiff's uninsured motorist insurance carrier when an uninsured or underinsured motorist as defined in the statute is the alleged tortfeasor.  It does not address personal injury actions against an insured motorist and, for that reason, there is nothing in the statute that imposes liability on or provides procedural protections for the insured motorist or his automobile liability insurance carrier.  An insured motorist may be affected by the provisions in subsection G of the statute allowing suit to be filed against a subsequently identified John Doe motorist during or after the conclusion of the John Doe personal injury action; however, the statute neither tolls nor extends the limitations period for bringing subsequent suits.  We conclude that there is nothing in the uninsured motorist statute which suggests that, under the facts of this case, Doe and Witt should be treated as the same entity; therefore, the statute of limitations applies to each of them individually.

Accordingly, we will affirm the judgment of the trial court dismissing Rivera's amended motion for judgment against Witt because it was filed beyond the limitations period.

Affirmed.