# CIRCUIT COURT OF THE CITY OF RICHMOND

Michael D. Porter, Jr.

v.

Anthony Paul Boiteau
and John Doe

February 3, 2006

Case No. LT-1367-1

BY JUDGE MELVIN R. HUGHES, JR.

In this personal injury action arising out of an automobile accident, Plaintiff has named two Defendants, John Doe and Anthony Paul Boiteau, alleging that either Boiteau or Doe was the operator of the vehicle involved in the accident. Presently before the court is a Plea In Bar, which asserts that the claim against Boiteau is barred by the applicable statute of limitations.

The facts that give rise to the Plea are as follows. The accident occurred on December 8, 2001. On February 12, 2003, Plaintiff filed an action in this court claiming damages from the accident naming John Doe as Defendant. On December 13, 2004, Plaintiff took a nonsuit. On June 9, 2005, Plaintiff filed the present suit naming the two Defendants herein. Plaintiff served the uninsured motorist insurance carrier on behalf of John Doe who allegedly is an unknown motorist who, alternatively, caused the accident. The insurer filed Grounds of Defense and the Plea under the provisions of Va. Code § 38.2-2206. For purposes of discussion *infra*, the proponent of the Plea will be noted as Boiteau or Defendant.

The relevant Code section, Va. Code § 38.2-2206(G), provides:

The bringing of an action against an unknown owner or operator as John Doe shall toll the statute of limitations for purposes of bringing an action against the owner or operator who caused the injury or damages until his identity becomes known. In no event

shall an action be brought against an owner or operator who caused the injury or damages, previously filed against as John Doe, more than three years from the commencement of the action against the unknown owner or operator as John Doe in a court of competent jurisdiction.

Boiteau contends that, since Plaintiff has previously identified him as the operator of the other vehicle involved in the accident, the statute of limitations is not tolled by Va. Code § 38.2-2206(G) and has run barring this action against him. He contends that the language above, which was added in 1999 by amendment, tolls the statute of limitations only until the identity of the owner or operator becomes known. Once known, as occurred here, the statute has run. According to the Plea, the identification occurred in a related case when Plaintiff testified during a deposition that Boiteau was the driver of the other automobile involved in the accident.

To assist the court in resolving the issue, the parties submitted Plaintiff's deposition taken December 19, 2002, in a case brought by Plaintiff's passenger against him and others. The parties differ over whether case authority on which Plaintiff relies, namely *Truman v. Spivey*, 225 Va. 274 (1983), decided under an unamended version of Va. Code § 38.2-2206(G), applies. "[I]n *Truman*, the court held that, for statute of limitations purposes, an unidentified John Doe motorist and [a] later identified uninsured motorist are considered the same entity under § 38.1-381, the predecessor of Code § 38.2-2206." *Rivera v. Witt*, 257 Va. 280, 282 (1969). Defendant contends that the amendment makes *Truman* and *Rivera* not applicable. However, the court believes that, as a threshold, the assertion that plaintiff came to know the identity of John Doe must be evident. For the reasons that follow, the court believes such is lacking.

The relevant part of § 38.2-2206(G) reads "[t]he bringing of an action against an unknown owner or operator as John Doe shall toll the statute of limitations for purposes of bringing an action against the owner or operator who caused the injury or damages until his identity becomes known." Va. Code Ann. § 38.2-2206(G).

As noted, Plaintiff brought an action against John Doe on February 12, 2003. Therefore, pursuant to Va. Code § 38.2-2206, the statute of limitations as to the action against the *unknown* "owner or operator who caused the injury or damages" was tolled as of February 12, 2003, or fourteen months after the accident. Plaintiff then suffered a nonsuit in that case on December 13, 2004. This first action against John Doe was pending for approximately one year and ten months. Plaintiff then filed this action on June 9, 2005, this time, against

both Boiteau and John Doe, asserting that either one or the other was the driver of the van involved in the accident. This second action comes nearly six months after suffering the nonsuit, approximately two years and four months after filing the first action against only John Doe, and three years and six months after the accident.

Plaintiff did not name Boiteau as Defendant until approximately three years and six months after the accident. Therefore, if the tolling provision of § 38.2-2206(G) does not apply, Plaintiff's cause of action against Boiteau is barred by the relevant statute of limitations, § 8.01-243. On the other hand, if the tolling provision of § 38.2-2206(G) applies, then the period for bringing an action against the owner or operator is tolled from the filing of the first action until the identity of that person is known, for up to three years following the filing of the suit against John Doe. Thus, the issue before the court on the Plea is whether and when did the identity of the "owner *or* operator who caused the injury or damages" become known.

Defendant argues that Plaintiff previously testified that Boiteau was the driver of the van, and, therefore, under the doctrine of *Massie v. Firmstone*, 134 Va. 450 (1922), Plaintiff cannot recover. (Grounds for Defense ¶ 2.) Plaintiff testified that the person who exited the van came to Plaintiff's window to ascertain Plaintiff's condition, then attempted to move the van, and ultimately fled the scene, "looked like that man right there [indicating Boiteau]." (Porter Dep., Dec. 12, 2002, p. 8, lines 2-10.) Further, Plaintiff appears to have referenced this individual as owner of the van by stating "his van" at least two times during the deposition. *Id.* at p. 7, line 17, p. 8, line 6. In the same deposition, however, Plaintiff asserted some confusion and uncertainty about the operator of the van: "I think John Doe, or whoever was driving the van. . . ." *Id.* at p. 5, lines 21-22.

This uncertainty is expressed in the pleadings here. Plaintiff alleges, "Defendant Boiteau *and/or* Defendant John Doe . . . was operating [the van]." (Pl.'s Mot. for Judgment ¶ 2) (emphasis added).) Further, in Plaintiff's Reply to Atlanta's First Set of Requests for Admissions, Plaintiff states "Plaintiff is without sufficient information to determine unequivocally whether Boiteau was the driver of the other vehicle or whether it was John Doe." (Pl.'s Reply, ¶ 8). Plaintiff argues that at deposition, he stated that the man who approached his vehicle only "looked like" Boiteau. *Id.* Plaintiff further states that Sydnor, Plaintiff's passenger, disagreed about the identification of Boiteau as the driver and that he is aware that Boiteau denied being the driver of the van. *Id.*

During argument on the Plea, counsel for both parties stated that police officers found Boiteau's wallet in the van and that the license plates belonged to Boiteau. Further, both agree that, sometime after the accident, Plaintiff

learned that Boiteau's girlfriend lived very close to the scene of the accident. While these facts may suggest that Plaintiff knew Boiteau owned the van, Boiteau's status as owner is not at issue; what is at issue is his status as "*operator* who caused the injury or damages."

The Supreme Court of Virginia considered the meaning of "unknown" as used in the predecessor statute to § 38.2-2206 and concluded that "[t]here is no limitation in the statute on the commonly accepted meaning of the word 'unknown'." *Mangus v. Doe*, 203 Va. 518, 520, 125 S.E.2d 166, 168 (1962). Further, the Court has stated that the issue is not "whether the plaintiff 'was unable to identify the owner or operator' of the other vehicle involved . . . but whether the 'owner or operator' was 'unknown' to [the plaintiff]." *Doe v. Simmers*, 207 Va. 956, 960, 154 S.E.2d 146, 149 (1967) (construing the predecessor statute to § 38.2-2206).

As seen in the inconsistent responses at his deposition, by the pleadings in the alternative, and by the response to Defendant's Requests for Admissions, contrary to Defendant's position, Plaintiff has not expressed certainty as to the identity of the driver of the van. At this point, the identity of the "operator who caused the injury or damages" appears to be unknown to Plaintiff. Therefore, the tolling provision of § 38.2-2206(G) applies to the filings beginning February 12, 2003.

For these reasons, the court will overrule the Plea and holds that this action is not barred by the applicable two-year statute of limitations.