PRESENT: All the Justices

RADIANCE CAPITAL RECEIVABLES FOURTEEN, LLC,
AS ASSIGNEE OF NEW SOUTH
FEDERAL SAVINGS BANK,

                                                    OPINION BY
v.  Record No. 180678                    JUSTICE TERESA M. CHAFIN
                                                    October 24, 2019
ROBERT D. FOSTER, ET AL.


              FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                        Charles J. Maxfield, Judge Designate

        This appeal requires us to determine whether a contractual waiver of the right to plead the

statute of limitations was valid or enforceable under Virginia law.  Upon review, we conclude

that the waiver at issue was neither valid nor enforceable, and therefore, we affirm the circuit

court's decision.

                                        I.  BACKGROUND

        The pertinent facts of this case are undisputed.  On February 21, 2006, Foster and Wilson

Building, LLC (the "Company"), executed a promissory note in favor of New South Federal

Savings Bank ("New South") based on a construction loan.[1]  On March 2, 2006, Robert D.

Foster and James M. Wilson executed a Continuing Guaranty agreement (the "Guaranty") with

New South in which they personally guaranteed and promised to pay all of the Company's debt.

In the Guaranty, Foster and Wilson agreed to "waive[] the benefit of any statute of limitations or

other defenses affecting the . . . Guarantor's liability" under the agreement.

_____

        [1] On December 16, 2008, the Company executed an amended promissory note in favor of
New South in order to correct an error regarding the Company's name.  The execution of the
amended note does not affect this appeal.

The Company eventually defaulted on the promissory note, and a notice of default and demand for payment was sent to Foster and Wilson on August 27, 2010. On November 23, 2015, Radiance Capital Receivables Fourteen, LLC ("Radiance Capital"), the assignee of New South and holder of the promissory note and Guaranty, filed a complaint against Foster and Wilson in the Circuit Court of Gloucester County. Based on the Guaranty, Radiance Capital sought to collect the principal balance due on the note, interest, and attorney's fees. In response to Radiance Capital's complaint, Foster and Wilson asserted that Radiance Capital's claim was barred by the statute of limitations.

The circuit court held a hearing regarding the plea in bar based on the statute of limitations on February 8, 2018. Although the Guaranty stated that it was governed by Alabama law, both parties agreed that Virginia law supplied the applicable statute of limitations and that a five-year statute of limitations applied to Radiance Capital's claim. Foster and Wilson acknowledged that the Guaranty contained a waiver of their statute of limitations defense. They maintained, however, that the waiver was unenforceable because it did not meet the specific requirements of Code § 8.01-232, the statute addressing the "[e]ffect of promises not to plead" the statute of limitations.

In response, Radiance Capital emphasized that the present case involved a waiver of the statute of limitations defense rather than a promise not to plead the statute of limitations at a later date. Based on this distinction, Radiance Capital maintained that Code § 8.01-232 did not apply to the waiver at issue. Citing the first sentence of Code § 8.01-232, Radiance Capital also argued that Foster and Wilson should be estopped from asserting a statute of limitations defense because the failure to enforce the contractual waiver would "operate as a fraud" on Radiance Capital.

2

After considering the parties' arguments and additional briefing, the circuit court concluded that the contractual waiver was not valid or enforceable according to the terms of Code § 8.01-232. Thus, the circuit court sustained the plea in bar based on the statute of limitations and dismissed Radiance Capital's complaint with prejudice. This appeal followed.

## II. ANALYSIS

Radiance Capital contends that the circuit court erred by determining that the statute of limitations waiver set forth in the Guaranty was not valid or enforceable under Code § 8.01-232. Radiance Capital's arguments present issues of statutory interpretation. "Under well-established principles, an issue of statutory interpretation is a pure question of law which we review de novo." *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007). Likewise, an "[a]ppeal of a decision on a plea in bar of the statute of limitations involves a question of law that we review de novo." *Van Dam v. Gay*, 280 Va. 457, 460 (2010). Upon conducting a de novo review of the issues presented in this case, we conclude that the waiver at issue was neither valid nor enforceable.

### A. THE WAIVER CONTAINED IN THE GUARANTY WAS NOT VALID UNDER CODE § 8.01-232

In general, a party may contractually waive "any right conferred by law or contract." *Gordonsville Energy, L.P. v. Virginia Elec. and Power Co.*, 257 Va. 344, 356 (1999). "[A] term of the parties' contract becomes the law of the case unless such term is repugnant to public policy or to some rule of law." *Id.* at 355.

The General Assembly has restricted a party's ability to promise not to plead the statute of limitations. In pertinent part, Code § 8.01-232 provides that

> [w]henever the failure to enforce a promise, written or unwritten,
> not to plead the statute of limitations would operate as a fraud on
> the promisee, the promisor shall be estoped to plead the statute.

> In all other cases, an unwritten promise not to plead the statute shall be void, and a written promise not to plead such statute shall be valid when (i) it is made to avoid or defer litigation pending settlement of any case, (ii) it is not made contemporaneously with any other contract, and (iii) it is made for an additional term not longer than the applicable limitations period.

Code § 8.01-232(A).

The waiver of the right to plead the statute of limitations at issue in this case does not meet the specific requirements of Code § 8.01-232. The waiver was made contemporaneously with the Guaranty and it attempted to waive the right to plead the statute of limitations for an indefinite period of time. *See* Code § 8.01-232(A)(ii) and (iii). As the waiver was made when the parties executed the Guaranty, it was not "made to avoid or defer litigation pending the settlement of any case." *See* Code § 8.01-232(A)(i). Contrary to Code § 8.01-232, the waiver at issue attempted to permanently waive the right to plead the statute of limitations upon the execution of the underlying contract, before any controversy regarding that contract existed.

On appeal, Radiance Capital attempts to distinguish a waiver of the right to plead the statute of limitations from a promise not to plead the statute of limitations. As Code § 8.01-232 specifically applies to "promises" not to plead the statute of limitations, Radiance Capital maintains that Code § 8.01-232 is inapplicable to the waiver at issue in this case. This argument is without merit.

A "waiver" has been defined as "the intentional relinquishment of a known right, with both knowledge of its existence and an intention to relinquish it." *Hensel Phelps Constr. Co. v. Thompson Masonry Contractor, Inc.*, 292 Va. 695, 702 (2016) (quoting *May v. Martin*, 205 Va. 397, 404 (1964)). A "promise" is "[t]he manifestation of an intention to act or refrain from acting in a specified manner, conveyed in such a way that another is justified in understanding that a commitment has been made." Black's Law Dictionary 1466 (11th ed. 2019). Stated

4

differently, a "promise" is "a person's assurance that the person will or will not do something." *Id.*

While a promise generally involves an undertaking to do something in the future, a waiver of the right to plead the statute of limitations and a promise not to plead the statute of limitations have the same practical effect. If enforceable, both a waiver of the right to plead the statute of limitations and a promise not to plead the statute of limitations would bar a party from asserting a statute of limitations defense. Moreover, when a party intentionally relinquishes its known right to plead the statute of limitations through a contractual waiver, the party implicitly makes a promise that it will refrain from pleading the statute of limitations in the future.

If Code § 8.01-232 only applied to "promises" not to plead the statute of limitations, the parties to a contract could circumvent the requirements of that statute by simply characterizing a promise not plead the statute of limitations as a contractual waiver. Despite the specific requirements of Code § 8.01-232(A), a party could perpetually waive its right to plead the statute of limitations at the inception of a contract. *See* 4 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 8:44, at 696-97 (4th ed. 2008) ("If a promise not to plead the statute, made at the inception of the contract, were treated as valid, and ordinary principles of contracts applied, the creditor would acquire a perpetual cause of action."). Such a result would be inconsistent with both Code § 8.01-232 and the policy considerations underlying that statute.[2]

---

[2] "[S]tatutes of limitation serve an important and salutary purpose." *Burns v. Board of Supervisors*, 227 Va. 354, 359 (1984); *see also Bell v. Morrison*, 26 U.S. (1 Pet.) 351, 360 (1838) (describing statutes of limitation as "wise and beneficial" laws). "The object of the statutes of limitation is 'to compel the exercise of a right of action within a reasonable time,' to prevent surprise and to avoid problems incident to the gathering and presentation of evidence when claims have become stale." *Truman v. Spivey*, 225 Va. 274, 279 (1983) (quoting *Street v. Consumers Mining Corp.*, 185 Va. 561, 575 (1946)).

Radiance Capital argues that this Court recognized the validity of a similar contractual waiver of the right to plead the statute of limitations in *Hensel Phelps Construction Co. v. Thompson Masonry Contractor, Inc.,* 292 Va. 695 (2016). This argument is misplaced. In *Hensel Phelps*, we examined the language of a subcontract between a prime contractor and a subcontractor and determined that no provision demonstrated that the subcontractor had waived its right to plead the statute of limitations. *See Hensel Phelps*, 292 Va. at 702-03. As the subcontractor failed to waive its right to plead the statute of limitations, we did not determine whether such a waiver was enforceable pursuant to Code § 8.01-232. Thus, the holding in *Hensel Phelps* did not reach the issue presented in this case.

As the waiver of the right to plead the statute of limitations set forth in the Guaranty failed to comply with the requirements of Code § 8.01-232, it was not valid under Virginia law.

B. THE WAIVER CONTAINED IN THE GUARANTY WAS NOT ENFORCEABLE UNDER THE EXCEPTION SET FORTH IN CODE § 8.01-232 PERTAINING TO ESTOPPEL AND FRAUD

The first sentence of Code § 8.01-232(A) states "[w]henever the failure to enforce a promise, written or unwritten, not to plead the statute of limitations would operate as a fraud on the promisee, the promisor shall be estopped to plead the statute." Radiance Capital contends that the circuit court erroneously construed this sentence of Code § 8.01-232(A). Again, we disagree with Radiance Capital's argument.

In its third assignment of error, Radiance Capital asserts that the circuit court erred by

> finding that [Radiance Capital] must prove by clear and convincing evidence that [Foster and Wilson] signed a Commercial Guaranty waiving the benefits of any statute of limitations with the fraudulent intent to refuse to be bound by the signed waiver as a requirement for the waiver to be enforceable under the provisions of . . . Code § 8.01-232(A).

6

Assuming that the circuit court reached the specific conclusions that Radiance Capital alleges in its assignment of error,[3] it correctly applied the law.

In *Soble v. Herman*, 175 Va. 489, 500 (1940), we considered whether the failure to enforce an oral promise not to plead the statute of limitations "would operate a fraud" on the promisee. In doing so, we construed Code § 5821, the statutory precursor of Code § 8.01-232. *See Soble*, 175 Va. at 499-501. Code § 5821 contained a sentence that was nearly identical to the first sentence of Code § 8.01-232(A). In pertinent part, Code § 5821 stated "[w]henever the failure to enforce a promise, written or unwritten, not to plead the statute of limitations would operate a fraud on the promisee, the promisor shall be estopped to plead the statute." *Id.* at 494 (quoting Code § 5821 (1936)).

In *Soble*, we noted that the allegation of fraud at issue involved an "unfulfilled oral promise to pay [a] debt, and the broken promise not to plead the statute of limitations." *Id.* at 500. We then recognized, as a "general rule," that "fraud must relate to a present or pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events." *Id.* After explaining that "a mere promise to perform an act in the future is not, in a legal sense, a representation," *id.*, we concluded that "'fraud'—as used in the phrase, 'will operate a fraud on the promisee'—must relate to a present or preexisting fact and cannot be established by allegation or proof of a non-fulfilled, naked, oral promise." *Id.* at 501 (some quotation marks omitted). As the allegation of fraud in *Soble* was based only on unfulfilled

<hr>

[3] The circuit court sustained the plea in bar based on the statute of limitations because it concluded that "the waiver of the statute of limitations that is set forth in the Guaranty is not valid and enforceable according to the terms of [Code] § 8.01-232." It did not expressly determine that the exception contained in the first sentence of Code § 8.01-232(A) was inapplicable because Radiance Capital failed to prove that Foster and Wilson signed the Guaranty with the fraudulent intent to refuse to be bound by the waiver at issue.

promises, we held that the appellee was not estopped from pleading the statute of limitations pursuant to Code § 5821. *See id.* at 500-01.

Other cases have illustrated an exception to the holding in *Soble*. "[I]f a defendant makes a promise that, when made, he has no intention of performing, that promise is considered a misrepresentation of present fact and may form the basis for a claim of actual fraud." *SuperValu, Inc. v. Johnson*, 276 Va. 356, 368 (2008). In such cases, "the promisor's intention—his state of mind—is a matter of fact." *Colonial Ford Truck Sales, Inc. v. Schneider*, 228 Va. 671, 677 (1985). "The gist of fraud in such case[s] is not the breach of the agreement to perform, but the fraudulent intent." *Patrick v. Summers*, 235 Va. 452, 455 (1988) (quoting *Lloyd v. Smith*, 150 Va. 132, 145 (1928)). When this exception is applied to Code § 8.01-232(A), it establishes that if a party promises not to plead the statute of limitations without any present intention to be bound by that promise, the party may be estopped from pleading the statute of limitations in order to prevent the operation of a fraud on the promisee.

In the present case, Radiance Capital's argument pertaining to estoppel based on the application of the first sentence of Code § 8.01-232(A) rested entirely on Foster's and Wilson's contractual waiver of their right to plead the statute of limitations. Pursuant to *Soble*, however, the unfulfilled promises of Foster and Wilson not to plead the statute of limitations were insufficient in themselves to support an allegation of fraud. *See Soble*, 175 Va. at 501. Radiance Capital would have been required to present additional evidence establishing that Foster and Wilson signed the Guaranty with the fraudulent intent to refuse to be bound by the statute of limitations waiver in order for Foster and Wilson to be estopped from asserting the statute of limitations as a defense pursuant to Code § 8.01-232(A). Thus, the circuit court correctly applied

8

the law regarding Code § 8.01-232(A) and Radiance Capital's third assignment of error is without merit.

As Radiance Capital relied solely on the breach of the statute of limitations waiver without providing any additional evidence to establish that Foster and Wilson did not intend to comply with the waiver when they executed the Guaranty, Foster and Wilson were not estopped from pleading the statute of limitations.

### III.  CONCLUSION

For the reasons stated, we conclude that the waiver of the right to plead the statute of limitations contained in the Guaranty was not valid or enforceable.  Accordingly, we affirm the circuit court's decision.

*Affirmed.*